[No. 12648. In Bank. — February 19, 1889.]

## M. McCORMICK, RESPONDENT, v. F. SUTTON, APPELLANT.

EJECTMENT — IMMATERIAL ERROR IN FINDING NOT GROUND FOR RELIEF ON APPEAL. — Where judgment in an action of ejectment is properly rendered in favor of the defendant upon the findings taken as a whole, an erroneous conclusion of law made as to a particular matter is immaterial, and insufficient to entitle the defendant to relief upon appeal.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The nature of the action, and the findings of the court, are stated in the opinion in *McCormick* v. *Sutton, ante,* p. 232. The facts affecting the present appeal are stated in the opinion of the court.

*F. W. Street,* for Appellant.

*F. D. & G. W. Nicol,* and *E. A. Rodgers,* for Respondent.

PATERSON, J. —Ejectment. Judgment was entered in the court below in favor of defendant on September 26, 1887. Plaintiff's motion for a new trial was denied on December 24, 1887, and thereafter, to wit, on January 3, 1888, he appealed to this court from the judgment and order. (*McCormick* v. *Sutton, ante,* p. 232.)

On March 26, 1888, the defendant, fancying that he

was aggrieved by one of the court's conclusions of law, viz., "that the patent of the United States to M. E. Hughes, in trust for the inhabitants of the city of Sonora, conveyed the absolute title in fee to the whole of said lot, including all the minerals thereon," appealed to this court "from that portion of the judgment entered in said superior court on the 26th day of September, 1887, in favor of plaintiff in said action, wherein said superior court adjudged that the patent of the United States, issued to M. E. Hughes in trust for the inhabitants of the city of Sonora, conveyed the absolute title in fee to the whole of the lot in the complaint described, including all the mineral therein."

In the judgment it is simply " ordered and adjudged that the plaintiff is not entitled to recover the possession of the lands in the complaint described, and that judgment be and the same is hereby entered in favor of the defendant, F. Sutton, and against the plaintiff, M. McCormick, for his costs in this action, taxed and allowed at $69.45."

Conceding that the conclusion of the court as to the effect of the patent was erroneous, the defendant was in no way injured by it. It is no part of the judgment, and there are other conclusions of law given, and facts in support thereof, which sustain the judgment in his favor. The court found that the matters here in issue were finally adjudicated in favor of defendant and against plaintiff in a former action, and " that defendant is entitled to a judgment in his favor, and against plaintiff for his costs incurred in this action."

Judgment affirmed.

Sharpstein, J., Works, J., Thornton, J., and McFarland, J., concurred.