[Sac.  No. 604.  In Bank.—May 1, 1900.]

PATRICK LARKIN, Respondent, v. ANNA MULLEN et al.,
Appellants.

CANCELLATION OF DEED—FRAUD—PLEADING.—In an action to cancel a
deed on the ground of fraud, where there is not an entire ab-
sence of allegation of facts constituting the fraud, though al-
leged in a somewhat general and defective manner, and where
it is competent for the plaintiff to prove fraud under the alle-
gations, and for the court to find the facts constituting the
fraud as being within the issue, a general demurrer to the com-
plaint is properly overruled.

ID.—WAIVER—GROUNDS OF SPECIAL DEMURRER—OBJECTIONS TO EVIDENCE
—OBJECTIONS AFTER VERDICT— APPEAL. — Where the defendant
failed to object to any defective allegations in the complaint,
either by special demurrer, or by objections to evidence, which
might have been obviated by amendment, the evidence in proof
of the allegations is deemed consented to, and objections to the
defective allegations cannot be urged after verdict, or upon
appeal for the first time.

ID.—DELAY IN BRINGING ACTION—OBJECTION UPON APPEAL.—A defend-
ant who has gone to trial and suffered defeat, without having
urged any objection to the plaintiff's delay in bringing the
action, will not be permitted to urge such objection upon ap-
peal for the first time.

ID.—OFFER OF RESTITUTION— PLEADING— WANT OF CONSIDERATION OF
DEED—FINDINGS.—The plaintiff is not required to allege or prove
an offer of restitution, when the complaint does not show any-
thing received by the plaintiff of which he was required to
make restitution, and avers that no part of the money agreed
to be paid for the deed was paid, and that the defendant failed
to comply with her promises to provide for the plaintiff in con-
sideration thereof, and repudiated all parts of the agreement,
and claimed to hold the land adversely, and where the answer
does not claim that any money was paid for the deed, and de-
nies that any promises were made in consideration therefor
and where the finding of the court is unassailed that there was
no consideration of indebtedness for the deed.

ID.—CONCLUSION—OUTSIDE ISSUES UNSUPPORTED—DECREE FOR COMPEN-
SATION— ACQUIESCENCE OF PLAINTIFF—APPEAL OF DEFENDANTS. —
Where the court finds as a conclusion of law outside the issues,
that one of the defendants is entitled to a reasonable compen-
sation for care of the plaintiff during his illness, and for board,
and renders a judgment, unsupported by the issues, directing the
payment of the sum of two hundred and fifty dollars on receipt

CXXVIII. CAL.—29

of the deed, in which the plaintiff has acquiesced without appeal, the defendants appealing have no ground of complaint on account of such finding and direction in the judgment.

APPEAL from a judgment of the Superior Court of Trinity County. T. E. Jones, Judge.

In addition to the averments of the complaint set forth in the opinion, the complaint averred that the value of the property owned by him and described in the complaint, and which he was induced to convey to the defendant, Anna H. Mullen, was at the time of the conveyance, and is now, about five thousand dollars; that plaintiff is an old man, sixty-five years of age; that in the month of May, 1895, while residing at the home of the defendants, plaintiff, being alarmed at his condition of health, decided to go to San Francisco for medical treatment, and that the defendant Mrs. Anna Mullen falsely and fraudulently represented to plaintiff that his property was in charge of other persons who were not his friends, and who intended to wrong and injure him, and who would in case of his death squander and misappropriate his estate, and that she and her husband were his most devoted and trustworthy friends, and were anxious to protect him and befriend him and care for him in his illness; that plaintiff then reposed the utmost trust and confidence in her, and because of said fraud and false representations was induced to make a will bequeathing to her said land and premises, upon the promise that she would maintain and keep plaintiff and provide him a suitable, convenient, comfortable, and pleasant home for the remainder of his life, and would pay him the sum of eight hundred dollars; and that on the twenty-fifth day of June, upon the representation that she wanted a deed made to avoid trouble from his relations, and upon the same false representations, and upon the same promises made to secure the will, she persuaded and induced the plaintiff to convey the said premises to her; that the said defendant did not at any time intend to perform any of the said promises, but they were made solely for the purpose of defrauding and injuring the plaintiff, who was then an old man, ignorant and illiterate, and for that reason and because of his illness, was of a weak and feeble mind, and incapable of dealing with said defendant, who was shrewd and ingenious in her dealings, and

possessed a knowledge and intellect capable of misleading and improperly influencing the plaintiff, which she did, and took advantage of plaintiff's mental weakness, and that plaintiff, trusting and confiding in her, and being induced and persuaded solely by said false promises, representations, and pretenses, and without any other consideration, executed said conveyance, which recited a consideration received of eight hundred dollars, no part of which was paid; that said recital was false, fraudulent, and untrue, and said acknowledgment of receipt was obtained by the false and fraudulent pretenses, representations, and promises hereinbefore set forth. It is unnecessary to repeat the further allegations of the complaint set forth in the opinion. The court found most of the allegations of the complaint to be true; that the misrepresentations were made as alleged; that the promise which induced the will and the deed was to give plaintiff a comfortable home as long as he lived, and to pay his estate after his death eight hundred dollars; that the plaintiff owed no debt to the defendants when the deed was made, and that the value of the land was four thousand dollars.

F. P. Primm, and Rogers, Paterson & Slack, for Appellants.

The allegations of fraud and undue influence in the complaint are not sufficiently specific. Fraud or undue influence cannot be alleged in general terms. (*Oakland v. Carpentier*, 21 Cal. 665; *Kent v. Snyder*, 30 Cal. 674; *Capuro v. Builders' Ins. Co.*, 39 Cal. 123; *Goodwin v. Goodwin*, 59 Cal. 560; *Robins v. Hope*, 57 Cal. 493.) The breach of a parol agreement to give a home to plaintiff is not a ground for setting aside a deed, but plaintiff is remitted to an action for damages. (Civ. Code, sec. 1691; *Herrick v. Starkweather*, 54 Hun, 537; *Fratt v. Fiske*, 17 Cal. 384; *Barfield v. Price*, 40 Cal. 542; *Morrison v. Lods*, 39 Cal. 385; *Herman v. Haffenegger*, 54 Cal. 164; *Burkle v. Levy*, 70 Cal. 250; *Bailey v. Fox*, 78 Cal. 389; *Toby v. Oregon Pac. R. R. Co.*, 98 Cal. 490; *Gamble v. Tripp*, 99 Cal. 223; *Marten v. Burns etc. Co.*, 99 Cal. 355.) A party cannot maintain a domestic relation under a contract for years and then complain that its terms have been violated. (*Barnes v. Barnes*, 110 Cal. 422; *Williams v. Mitchell*, 87 Cal. 532; *Bancroft v. Bancroft*, 110 Cal.

374; *Lion v. McClory*, 106 Cal. 623.) In order to a rescission, the plaintiff must offer to put the defendants *in statu quo* (*Buena Vista etc. Co. v. Tuohy*, 107 Cal. 244), and it is too late to make offer at the trial. (*Herman v. Haffenegger, supra; Barry v. St. Joseph Hospital* (Cal. 1897), 48 Pac. Rep. 61.)

No brief for respondent appears on file.

HARRISON, J.—The defendants appeal from a judgment directing them to deliver up a certain deed executed by plaintiff, to the defendant, Mrs. Mullen, the wife of the other defendant; that said deed be canceled, and that defendants reconvey to plaintiff the premises described therein. A demurrer to the complaint was overruled by the superior court, and, upon the issues presented by the answer of the defendants, the cause was tried by the court, and findings made supporting the averments of the complaint. Judgment was thereupon entered in favor of the plaintiff. The appeal is brought here upon the judgment-roll, without any bill of exceptions. The findings of fact are sufficient to support the judgment, and, as the appellants have not brought up the evidence, it must be assumed that it was sufficient to support each of the findings. The appellants contend, however, that the complaint is insufficient, and that the general demurrer thereto should have been sustained.

1. It is alleged in the complaint that the plaintiff was induced to reside at the home of the defendants by reason of their false representations that they were his true and devoted friends; that while so residing with them he became ill, and while in that condition was induced to make a will in behalf of Mrs. Mullen upon certain promises and representations made by her; that afterward, on the 25th of June, 1895, when he had partially recovered from his illness, he was persuaded and induced by her to execute to her the aforesaid conveyance; that at the time of its execution he was, by reason of his aforesaid illness, of weak and feeble mind, and incapable of dealing with her, and that she unduly and improperly influenced him, and took advantage of his mental weakness for the purpose of fraudulently obtaining title to said real estate; that he was induced to and did execute to her the said deed of conveyance by reason of his trust and confidence in her, and his reliance upon her

said representations and promises, and without any other or further consideration; that thereupon the defendants and the plaintiff jointly entered into possession of the property therein described, and occupied the same jointly until the latter part of 1895, when Mrs. Mullen removed the plaintiff to her home to remain during the winter; that she made no effort to provide for his comfort or happiness, but neglected and mistreated him, and has failed to comply with her said promises, and has repudiated all parts of her agreement. The complaint also alleges that she did not at any time intend to perform or comply with any of her promises or agreements, but that they were made solely for the purpose of defrauding and injuring the plaintiff; and that she knew the representations made by her to him were false and untrue, and that the same were made with intent to deceive and defraud the plaintiff; and that her said promises were made without any intention of performing the same and for the purpose of obtaining title to and ownership of plaintiff's land, for the sole purpose of defrauding him thereof.

One of the grounds of insufficiency in the complaint relied upon by the appellants is that the allegations of fraud are defective, in that the fraud is alleged in general terms, whereas the facts constituting the fraud should have been set forth in detail. The most that can be said of the complaint in this particular is, however, that the fact of fraud is defectively alleged, rather than that there is an absence of any allegation of fraud. Under these general allegations it was competent for the plaintiff, if no objection was made thereto, to introduce evidence of the facts constituting the fraud, and the finding of the court upon that subject was within the issues before it. As it must be assumed that such evidence was introduced without any objection thereto on the part of the defendant, it may also be assumed that it was received by the court with his consent. It is too late for a defendant "after verdict" to object to defective allegations in the complaint, which, if he had pointed them out by specific demurrer before the trial, or by objections to the evidence at the trial, might have been obviated by amendment. (*Harnish v. Bramer*, 71 Cal. 155; *Mendenhall v. Paris*, 84 Cal. 193; *Amestoy v. Elec-*

*tric Rapid Transit Co.,* 95 Cal. 311; *Bliss v. Sneath,* 103 Cal.
43; *Mullally v. Townsend,* 119 Cal. 47. See, also, *Place v.
Minster,* 65 N. Y. 89.)

2. The objection that the action cannot be maintained by rea-
son of the plaintiff's delay in bringing it is untenable. A de-
fendant will not be permitted to make such objection for the
first time in the appellate court after he has gone to trial and
suffered defeat in the superior court without making the objec-
tion there. If he would make this defense, he should present it
in the court below, so that the plaintiff might have an oppor-
tunity to meet it by proper proofs.

3. Another ground in which it is claimed that the complaint
is defective is the absence of an offer to place the defendants *in
statu quo;* that is, to return to them any moneys received by
him, or to make compensation for his board. It does not ap-
pear, however, from the complaint that the plaintiff had re-
ceived anything from the appellant of which he was required to
make restitution as a condition of his right to maintain the ac-
tion. The complaint alleges that no part of the money agreed
to be paid for the conveyance had been received by the plaintiff,
and, although it is alleged that the plaintiff was residing with
the appellants at the time he executed the conveyance, and that
it was executed upon the promise of Mrs. Mullen that she would
keep the plaintiff and provide for him a suitable and comfort-
able home during the remainder of his life, it is also alleged
that she "failed to comply with her promises, and repudiated
all parts of said agreement," and claimed to hold the land ad-
versely to the plaintiff. The defendants do not claim in their
answer that the plaintiff has received anything from them, or
either of them, as the consideration for the deed, of which resti-
tution should be made, and they deny that they, or either of
them, made any promises to the plaintiff, or that the deed was
executed in consideration of any promise or agreement on their
part, and allege that the plaintiff executed it solely in consid-
eration of an indebtedness then owing by him to them. The
finding of the court was, however, against these allegations of
the defendants, and thus this defense to the action became
unavailable to them. If there had been any defect in the com-
plaint in this respect, it was obviated by these averments in the

answer admitting that the plaintiff received nothing at the time of the execution of the deed or thereafter as its consideration.

The court finds as a conclusion of law that Mrs. Mullen is entitled to a reasonable compensation for the care of the plaintiff during his sickness, and for his board; and in its judgment, after directing the defendants to execute a deed to the plaintiff, directs that he pay to the defendants the sum of two hundred and fifty dollars on the receipt of the deed, either in cash or by crediting the same upon any indebtedness they may have against him.     There does not appear to be any issue upon which this portion of the judgment can rest, but the plaintiff has acquiesced in the judgment by not appealing therefrom, and the defendants have no ground for complaint therefor.

The judgment is affirmed.

Garoutte, J., Van Dyke, J., McFarland, J., and Temple, J., concurred.