## CARBOY v. POLSTEIN REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. ASSIGNMENTS (§ 138*)—ORDERS—ACTION—ISSUES—SUBMISSION TO JURY.
   A contractor delivered to plaintiff an order on defendant for $1,000, to be deducted from the contractor's next payment. Plaintiff asserted, and defendant denied, that it accepted the order. Defendant made and delivered to the contractor notes aggregating $500, which were indorsed to plaintiff and paid. Plaintiff claimed that this payment was on account of $1,000 alleged to be due, while defendant claimed that it was in full satisfaction of every amount due and disputed that at the time $1,000

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was due. *Held*, that the court erred in refusing to submit the question of the amount due from defendant to the contractor, and in submitting only the question of acceptance of the order.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 138.*]

2. ASSIGNMENTS (§ 12*)—ORDERS—RIGHT TO DRAW.

A contractor could not make a valid order on the owner for a greater sum than was due to him.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 12.*]

3. ASSIGNMENTS (§ 50*)—ORDERS—ACCEPTANCE—EQUITABLE ASSIGNMENT.

The acceptance of an order drawn by a contractor on the owner is an equitable assignment only of the balance due the contractor.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99, 101, 102; Dec. Dig. § 50.*]

4. ASSIGNMENTS (§ 58*)—ORDERS—ORAL ACCEPTANCE.

An oral acceptance by the owner of a contractor's order will not bind the owner for the amount of the order if it is in excess of the sum due from the owner to the contractor.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 58.*]

Appeal from City Court of New York, Trial Term.

Action by John Carboy against the Polstein Realty & Construction Company. From a judgment for plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial, it appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

H. B. Davis and Henry S. Mansfield, for appellant.

Katz & Sommerich (Maxwell C. Katz and Otto C. Sommerich, of counsel), for respondent.

SEABURY, J. The defendant under two contracts agreed to pay Nertney $17,650 for doing the work therein specified. The payments were required to be made in installments. The work was completed August 9, 1907, and on that day Nertney signed and delivered an order on the defendant to pay $1,000 to the plaintiff, and to deduct it from "my next payment." The plaintiff asserted and the defendant denied that this payment was accepted on August 22, 1907, by the defendant. The defendant made and delivered to Nertney notes aggregating $500, which were indorsed to the plaintiff and paid. The plaintiff claimed that this payment was on account of the $1,000 alleged to be due from the defendant. The defendant claimed that this payment was in full satisfaction of every amount due and disputed that at the time $1,000 was due.

The only question submitted to the jury by the trial justice was whether the defendant accepted the order of August 22, 1907. The defendant contends that nothing was due to Nertney from it, and that the payment of the notes was full satisfaction, and therefor insists that it was error to submit to the jury the single issue as to the acceptance of the order. The amount due from the defendant to Nertney was the subject of dispute, and should have been submitted to the jury for their determination, and, if the order was in fact accepted, the de-

fendant was liable to the plaintiff for the amount which it owed Nertney. The contractor could not make a valid order on the defendant for a greater sum than was due to him from it. The acceptance of the order operated as an equitable assignment only of the balance due. Nor can the defendant be held for the amount of the order merely because of its oral acceptance, if the amount of the order was in excess of the sum due from it.

·The issue as to the amount due from the defendant was withheld from the jury, and they were permitted to determine merely the issue as to the acceptance of the order. The court charged the jury, subject to the exception of the defendant, that, "if the plaintiff is entitled to recover at all in this action, he will be entitled to recover $500, with interest." This instruction was erroneous, because it excluded the jury from considering the principal issue in dispute between the parties.

The judgment and order are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.