[L. A. No. 3352.  Department Two.—October 13, 1914.]

SAN DIEGO REALTY COMPANY (a Corporation), Respondent, v. LUTHER M. HILL  et al., Defendants; JOHN P. KLEIN, Appellant.

MORTGAGE—FORECLOSURE AFTER SALE OF MORTGAGED PREMISES—MORTGAGOR NOT NECESSARY PARTY—DEATH OF MORTGAGOR—REFUSAL OF CONTINUANCE.—A mortgagor, who had conveyed the mortgaged premises after the execution of the mortgage, is not a necessary party to a suit of foreclosure, where the relief granted is limited to a foreclosure and sale of the property, without provision for a deficiency judgment; and the fact that he was dead, did not necessitate a continuance of the trial of an action in which he had been made a defendant, if the action was voluntarily dismissed as to him by the plaintiff.

ID.—RECITALS IN MORTGAGE AND DEED—RESIDENCE OF MORTGAGOR—EVIDENCE AGAINST SUBSEQUENT GRANTEE.—Recitals in a mortgage, and in a deed from the mortgagor conveying the mortgaged premises, that the mortgagor and grantor is a resident of a foreign state, are evidence against the grantee, in an action to foreclose the mortgage, of the facts recited, and if not controverted, are sufficient to support a finding to that effect.

ID.—MORTGAGE EXECUTED OUT OF STATE—STATUTE OF LIMITATIONS—DEFENDANTS ALWAYS NONRESIDENTS.—Under section 351 of the Code of Civil Procedure, an action to foreclose a mortgage executed out of the state of California, brought against the original mortgagor and subsequent purchasers of the mortgaged property, none of whom had at any time resided within the state, is not barred by the statute of limitations, although commenced more than two years after the cause of action accrued.

ID.—ADMISSIONS OF PLEADINGS—FINDINGS UNNECESSARY.—No findings are necessary as to facts admitted by the pleadings. If findings are made thereon in accordance with the admission, the appellate court will not inquire whether or not they are supported by the evidence.  The insertion of such findings does not vitiate the judgment.

APPEAL from a judgment of the Superior Court of San Diego County.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Mills & O'Farrell, for Appellant.

Sam Ferry Smith, for Respondent.

SHAW, J.—From a judgment in favor of the plaintiff, foreclosing a mortgage, the defendant, Klein, appeals.

The complaint sets forth the execution and contents of the mortgage and of the notes the payment of which is secured thereby, and prays for judgment of foreclosure, in the ordinary form. It further alleges, on information and belief, that the defendant, Luther M. Hill, never resided in the state of California. The mortgage and notes were executed by Hill to O. J. Stough, who assigned them to plaintiff. John P. Klein subsequently became the owner of the land described in the mortgage. It is alleged in the complaint that neither of the subsequent holders of the title under Hill have ever resided within the state of California since the execution of the mortgage.

The answer of Klein denied the execution of the mortgage and notes sued on and the assignment thereof to plaintiff. It also denied the allegation that Hill had never resided in the state of California. As an affirmative defense it attempted to aver that the action was barred by the statute of limitations. It did not set forth this defense as provided in the code, by averring that the action was barred by the particular section relied on, but merely alleged that the cause of action "did accrue or arise above four years before the said complaint was filed in this court."

The point first urged for a reversal is that the court erred in denying a motion for a continuance made by the appellant Klein on the ground that the mortgagor Luther M. Hill was dead. The court overruled the motion and thereupon plaintiff dismissed the suit as against Hill. Inasmuch as it appears that Hill had conveyed the property subsequent to the mortgage, that Klein now claims solely as successor of Hill and that the decree provides for no deficiency judgment but merely for a foreclosure and sale of the mortgaged property, we can see no error in this ruling. Hill was not a necessary party to the action, and his death, whether before or after the beginning of the action, did not require any postponement of the trial after the plaintiff voluntarily dismissed as to him.

It is further claimed that the evidence was not sufficient to justify the finding that the defendant Hill never resided in the state. This claim cannot be sustained. The mortgage sued on was introduced in evidence. It recited the fact that Hill resided in Chicago, Illinois. There was also introduced

in evidence the deed of conveyance executed by Hill to one Stringer on November 27, 1894, conveying to Stringer the property here in controversy. This deed recites that Hill was "of Chicago, Illinois," at that time. The record further shows that Klein derived his title by mesne conveyances from Stringer. This mortgage, and this conveyance by Hill who was Klein's predecessor in interest and under which Klein holds such title as he has, are evidence as against Klein of the facts recited therein in connection with the conveyance and are sufficient to support the finding. The plea of the statute of limitations is an affirmative defense which the defendant was required to establish by proof disproving the recitals. No attempt was made upon the trial to controvert the fact of Hill's residence in Chicago, nor was any evidence introduced to show that he ever resided in the state of California.

The mortgage was executed on May 29, 1894, and the three notes secured thereby fell due respectively on May 29, 1895, May 29, 1896, and May 29, 1897. Section 339 of the Code of Civil Procedure provides that an action founded on a written instrument executed out of the state must be begun within two years from the time the cause of action accrued, but section 351 further provides that if when an action accrues against a person he is out of the state, the action may be begun within the term prescribed after his return to the state. As the parties defendant to this action never at any time resided within the state, it follows that the bar of the statute has not run. The pleadings admit that all of the defendants other than Hill have at all times resided out of the state. No finding was necessary as to these defendants. Nevertheless the court made a finding to that effect. It is not necessary to inquire whether any evidence to support this finding was introduced or not. The admission in the pleadings was sufficient without any finding upon the subject and the insertion of a finding does not vitiate the judgment.

These are the only points made in support of the appeal. We think it is entirely without merit.

The judgment is affirmed.

Sloss, J., and Angellotti, J., concurred.

Hearing in Bank denied.