[Civ. No. 3158.   First Appellate District, Division One.—December 13, 1919.]

## CLEMENCE MONDINE et al., Respondents, v. MARTIN LABAIG et al., Appellants.

[1] QUIETING TITLE—ADVERSE POSSESSION—PLEADING.—Where the complaint in an action to quiet title alleges that the plaintiffs are the owners in fee of the property, they are entitled to prove title based on adverse possession.

[2] ID.—SUFFICIENCY OF FINDINGS.—In an action to quiet title a general finding that the allegations of the cross-complaint "are untrue except as otherwise found to be true" is not too indefinite to support the judgment, where there are specific findings upon all the issues raised by the pleadings, including the cross-complaint and answer thereto, which are sufficient, and which amply support the judgment.

[3] ID.—ADMITTED ALLEGATIONS—EFFECT OF.—Allegations of a cross-complaint admitted by the answer thereto must be treated as found.

[4] ID.—CLAIM OF TITLE UNDER DECREE OF DISTRIBUTION—EVIDENCE.—In an action to quiet title, a decree of distribution in the estate of one who, assuming that he was the owner of the property in question, devised the same to plaintiffs, was properly admitted to show that the plaintiffs claimed title founded upon a written instrument as provided in section 323 of the Code of Civil Procedure.

[5] ID.—REOPENING OF CASE—ADDITIONAL TESTIMONY—REVERSAL OF JUDGMENT.—In an action to quiet title, the trial court, after announcing judgment in favor of the defendants, does not commit error in reopening the case, at the request of the plaintiffs, to hear further testimony and then ordering judgment for the plaintiffs, where the defendants are offered and avail themselves of the oppor-

tunity to introduce such additional evidence as they desire the court to consider.

[6] ID.—CONTINUITY OF POSSESSION.—It is not essential, in every case, to the continuity of an adverse possession that there shall be a continuous personal presence on the lot of some person holding for the adverse claimant. It is enough, under the code, that the property is devoted to the "ordinary use of the occupant" where the possession is under color of title.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Appellants.

Geo. J. Denis for Respondents.

WOOD, J., *pro tem.*—The complaint in this action is in the ordinary form to quiet title. The defendants in their answer assert ownership of an undivided one-half of the property, and by way of cross-complaint they demand a partition thereof, or, if the same cannot be had without material injury, then that it be sold and that the proceeds be divided; they also ask for an accounting of the rents collected by plaintiffs. Plaintiffs had judgment and defendants appeal.

The property was at one time owned by the defendant Labaig and one Bertrand Payot as cotenants. In 1902 the premises were sold for a delinquent street assessment, and Payot became the purchaser at such sale and received the tax deed therefor. The trial court expressly found, however, that this deed was void and of no effect. By his last will Payot, assuming apparently that he owned the whole property, devised the same to plaintiffs, and it was so distributed in the decree of distribution in the estate of Payot in March, 1905.

[1] In their answer to the cross-complaint plaintiffs, in attempting to allege ownership by occupancy and adverse possession, allege that such possession was "under claim of *right*" instead of "under claim of *title*." Appellants con-

6. Unbroken continuity as essential element of adverse possession, notes, 13 Am. Dec. 185; 15 L. R. A. (N. S.) 1202.

tend that the complaint was insufficient to present the question of adverse possession. The action, however, was heard in the superior court upon the assumption that the issue was properly presented, and the findings follow the language of the complaint. The complaint alleges, and the findings also declare, that the plaintiffs are the owners in fee of the property, etc. This was sufficient to present and dispose of the question of title by adverse possession. (*Jordan* v. *Beale,* 172 Cal. 227, [155 Pac. 990].)

[2] Complaint is made that the finding "that the allegations of the cross-complaint herein are untrue except as otherwise found to be true" is too indefinite to support the judgment. There are, however, specific findings upon all the issues raised by the pleadings, including the cross-complaint and answer thereto, which are sufficient, and which amply support the judgment. Appellants do not claim that they were misled by the finding. In *Fritz* v. *Mills,* 170 Cal. 449, [150 Pac. 375], the challenged finding was "That all the allegations of the amended complaint in so far as such allegations are controverted by the answer of the defendants thereto are untrue." The other findings in the case being clearly sufficient, the court declined to reverse the case, "because of the absence of valid findings." [3] The allegation of the cross-complaint as to the collection of rents by plaintiffs, on which the defendants and cross-complainants sought an accounting, was admitted by the answer thereto, and must be treated as found. (*First Nat. Bank* v. *Maxwell,* 123 Cal. 360, 366, [69 Am. St. Rep. 64, 55 Pac. 980]; *In re Doyle,* 73 Cal. 564, 571, [15 Pac. 125].)

It is claimed that the court erred in admitting the tax deed in evidence. As the findings declare that this deed was void and of no effect, we are unable to perceive any injury to appellants.

[4] It was proper to admit in evidence the decree of distribution in the estate of Payot. There is no claim made by plaintiffs, as contended by appellants, that the effect of it was to divest them of their title by proceedings in probate. It was admitted to show that the plaintiffs' claim of title was founded upon a written instrument as provided in section 323 of the Code of Civil Procedure.

The wife of the defendant Labaig was a witness. Counsel offered to prove by her that Labaig and Payot, in his

lifetime, had an oral agreement to the effect that Payot should pay the city taxes on the lot, and that they were to pay the county taxes; that shortly prior to Payot's death they found that the county taxes had been paid by someone, and that they wrote to Payot that if he had paid the taxes to call and that they would pay their share. They received no response. Conceding that the agreement could be proved, as stated by counsel, it could not bar plaintiffs of the right to acquire title by adverse possession after Payot's death.

[5] After the case was submitted and the court had announced judgment in favor of defendants, over their objection, the court, at the request of plaintiffs, reopened the case to hear further testimony. Thereafter additional evidence was received, and the court then ordered judgment for plaintiffs. There was no error in this action of the court, as the defendants were offered and availed themselves of the opportunity to introduce such additional evidence as they desired the court to consider.

The point is made that there is no finding that the defendant Law Credit Company knew that its codefendant Labaig had been given actual notice that plaintiffs claimed adversely to him. The Law Credit Company apparently appeared in the action voluntarily, asserting that it was sued by the fictitious name of John Doe. The only evidence in the record relating to its interest in the property is as follows:

"Mr. Odell: I offer a grant deed of Mr. Martin Labaig and Marie Labaig to Law Credit Co. of an undivided one-fourth interest.

"The Court: That will be exhibit 1."

Assuming that the deed related to the property involved in this action, it does not appear that it was ever recorded, or that it was executed until years after plaintiffs had perfected their title by adverse possession. The grantee never asserted any claim to the property until the filing of the cross-complaint in this action. The court found that neither defendant had any right, title, interest, or estate in the property. That was sufficient, taken in connection with the other findings, to support the judgment against the defendant Law Credit Company.

It is claimed that the evidence is insufficient to sustain the findings relating to adverse possession. It appears from

such evidence that the property is a vacant single lot in the city of Los Angeles; that in the fall of 1905 the plaintiffs told the wife of the defendant Labaig that they claimed the entire property. She wrote to Labaig, who was away at the time at his ranch, that they had been to see him and of the object of their visit. Upon his return home a few weeks later he called at the home of plaintiffs and was informed by Pierre Echardies that the lot had been given to them by Payot and that they were going to uphold their rights. At that time Labaig said "that he had some good lawyers and that he would see who had rights." Plaintiffs paid all taxes and assessments upon the property from the decree of distribution to the time of the trial, in all about twelve consecutive years. In 1906, in order to obtain an income from the place they moved a house upon the lot. They continuously from that time occupied the premises, not in person, but through their tenants, collecting all the rents and retaining them for themselves, claiming to own the property under the decree of distribution adversely to all the world, and no one ever disputed their claim. The defendant Labaig was a witness upon the trial, and while he denied that he had ever had a conversation with the plaintiffs about the property, yet he did not deny that his own wife had informed him of plaintiffs' visit to his home and of their claim of ownership. The wife, however, endeavored as a witness to fix this visit at a period a little less than five years before the commencement of the action. Labaig, as a witness, did not deny that he knew that the improvements had been made upon the lot, and that plaintiffs during all the years thereafter had continuously exercised dominion and control over the property, asserting claim of ownership and title adverse to him and the world. [6] There may be some uncertainty in the evidence as to whether upon occasions a loss of income was caused by the failure of the tenants to pay their rent, or for want of a tenant; but assuming that it was for the latter cause, that would not destroy plaintiffs' continuity of possession. As was said in *Montgomery & Mullen Lumber Co.* v. *Quimby,* 164 Cal. 250, [128 Pac. 402]: "It is not essential to such continuity in every case that there shall be a continuous personal presence on the lot of some person holding for

44 Cal. App.—50

the adverse claimant. It is enough, under the code, that it is devoted to the 'ordinary use of the occupant' where the possession is under color of title, as it is here." The evidence is adequate to support the findings.

The judgment is affirmed.

,Waste, P. J., and Kerrigan, 'J., concurred.