[Civ. No. 3853. First Appellate District, Division One.—July 29, 1921.]

## J. J. RAUER, Respondent, v. FERNANDO NELSON & SONS, Appellant.

[1] CONTRACT—RENTAL OF EXCAVATING EQUIPMENT—EXECUTION BY PRESIDENT OF CORPORATION—INDIVIDUAL CAPACITY—LIABILITY OF CORPORATION.—In this action to recover rental for the use of an excavating equipment based upon a written contract made by the president of the corporation defendant, the contract is held to be that of the corporation, although it does not purport on its face to be signed by the president in his official capacity.

[2] CORPORATIONS—ACTS OF OFFICERS AND AGENTS—OSTENSIBLE AUTHORITY—ESTOPPEL.—A corporation which suffers appearances to exist, and its officers and agents to so act as to give one dealing with it reason to believe that he is dealing with the company, is liable on a contract made by such officers and agents.

[3] CONTRACT—AGREEMENT TO PAY RENTAL—DEFAULT OF GRADING CONTRACTOR—LIABILITY OF OWNER.—Where the owner of an excavating equipment which was being used by a contractor threatened, on the contractor's default in the payment of the monthly rental therefor, to take the equipment off the job, unless assurance of payment was made, the corporation owner of the land which was being excavated and which had assumed control of the contract and was advancing all money and paying all bills was

1. Presumption that a contract within the powers of a corporation is within the authority of its president, notes, Ann. Cas. 1917A, 360; 7 L. R. A. (N. S.) 376.

.liable on its contract with such owner to pay such monthly rental, which contract was entered into for the purpose of preventing the work being stopped, although the total amount paid out for the work was greatly in excess of the contract price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodfellow, Eells, Moore & Orrick and C. J. Goodell for Appellant.

H. M. Anthony for Respondent.

WASTE, P. J.—The defendant, Fernando Nelson & Sons, appeals from a judgment in plaintiff's favor. The action was commenced by the plaintiff to recover the sum of $5,532.10, alleged to be due from the defendants upon a written contract, dated October 16, 1917, whereby Fernando Nelson & Sons and A. E. Buckman agreed to pay to respondent the sum of $680 per month as rental for certain sand machines, cars, rails, and wire used by Buckman in excavating and filling certain property under a contract with appellant. The complaint was in the form usual in actions to foreclose a mechanic's lien, and prayed that the amount sued for be adjudged a lien upon the land of the defendant Nelson & Sons upon which the work was done by Buckman. After the testimony was in, plaintiff filed an amended complaint to conform to proof, based upon an implied contract for the reasonable rental value of the equipment, and the defendants Fernando Nelson, individually, and A. E. Buckman were dropped from the case.

Early in 1917, Buckman, as contractor, started the work of excavating and filling blocks and streets of a tract of land of about fifty acres at the west portal of the Twin Peaks tunnel in San Francisco under a contract with Fernando Nelson & Sons, the owner. He agreed to do the work for seventeen cents per yard, and it was provided in the contract that he should, at his own cost, furnish all the materials and equipment necessary to perform his contract. Monthly payments were to be made as the work progressed.

Shortly after engaging in the work Buckman found himself financially embarrassed, and appellant from that time on paid all the bills with apparent disregard of the stipulation of the contract relating to payments.

The equipment used in the work, consisting of sand machines, cars, wire, rails, and tools, belonged to this respondent, Rauer. Buckman had possession under an agreement of purchase which permitted him to pay for it as he could. In October, Rauer went to Fernando Nelson, the president of appellant, and complained that he was getting no money from Buckman for the outfit. He threatened to take the equipment off the job unless he had some assurance that he would be paid for its use. Nelson insisted that Rauer and Buckman adjust their troubles. Buckman thereupon in writing assigned to Rauer all moneys due or to become due him from Fernando Nelson & Sons for work and labor done, materials furnished, and for grading the property. As part of the settlement Nelson signed the following agreement:

"San Francisco, Oct. 16, 1917.

"J. J. Rauer:

"Your assignment of A. E. Buckman, received. As my conversation—I will agree to hold out for you $680 per month being the amount use of track, sand machine from Oct. 1, 1917, until such time rail, etc., is taken away.

· "(Signed)   FERNANDO NELSON."

Nelson testified that he signed this paper in his personal capacity "not wanting to hold the corporation responsible for anything of that sort," and that he would pay it out of his own pocket rather than for the work to stop.

On the day following Buckman and Rauer executed another agreement in which it was stipulated that, in making the assignment, it was understood that it did not cover any money due for labor or material expended on the work, but covered any money due for rent of the plant, or "surplus money coming to said Buckman after all labor and bills are paid" and was to be applied on the purchase of plant as theretofore agreed between Rauer and Buckman. Whether appellant had notice of this document does not appear.

There is a very material conflict in the evidence as to what occurred at the meeting of Nelson, Rauer, and Buck-

man, and as to what the final understanding of the parties was.. The testimony of Rauer and Buckman is to the effect that it was definitely understood, at the time the assignment was accepted by Fernando Nelson for the defendant Fernando Nelson & Sons, that the agreement was that that defendant should pay the sum of $680 per month for the rent of the plant as stipulated in the writing, and that Fernando Nelson, during the conversation concerning the matter, expressly agreed to pay that amount. They insist that one payment of $680 made by the appellant, about one month after the agreement was signed, was actually paid in accordance with the terms of the settlement as fully understood by the parties at the time. The respondent based his complaint and his right to recover on such agreement and understanding. Fernando Nelson is equally positive in his testimony that in no conversation, or at any time, was the subject of a monthly payment of $680 mentioned, and that the first intimation he had of the claim of the respondent to that effect was when the contract was read in his office some time later. His position is that his only agreement was to "hold out" $680 and pay it to Rauer at the end of the job, whether there was anything coming to Buckman or not; that before the work was completed he paid the amount, less a two per cent discount, at Rauer's request to enable Buckman to buy a new chain.

The work of grading and filling was completed on July 20, 1918. Two hundred and three thousand nine hundred sixty-seven cubic yards of material were moved, which, at the agreed price of seventeen cents per cubic yard, called for a payment of $34,674.39. As a matter of fact, appellant paid $63,605.93, or $28,931.54 in excess of the contract price.

On this evidence the trial court found that appellant and respondent entered into a written contract whereby the appellant agreed to pay respondent $680 per month as rental for the equipment; that although the appellant agreed to pay the sum of $680 per month, under which price there would be due $6,210, the price was actually agreed upon through mistake; that irrespective of said written contract, however, plaintiff furnished to Nelson & Sons the equipment at its special instance and request, and that the reasonable worth or value of its use was the sum of $475 per month. The court refused to accord plaintiff a lien, but

entered judgment in his favor against appellant in the sum of $3,655. From this judgment Fernando Nelson & Sons appeals.

[1] We are satisfied that the lower court was correct in holding that the agreement entered into between Fernando Nelson and Rauer was in reality the contract of the corporation and that it was properly admitted as part of respondent's case. Because the agreement does not purport on its face to be signed by Fernando Nelson as president of Nelson & Sons, appellant contends that the court erred in admitting it in evidence. [2] Nelson was representing the appellant in all matters connected with the transaction, and the writing falls within the rule that a corporation which suffers appearances to exist and its officers and agents to so act as to give one dealing with it reason to believe that he is dealing with the company, is liable. (*Aigeltinger, Inc.,* v. *Burke,* 176 Cal. 621, 626, [169 Pac. 373].) Furthermore, appellant received the benefit of the contract in that the work of improving its property was not hindered.

[3] Because the total amount paid out was greatly in excess of the contract price for the work, appellant contends that the case falls within the doctrine that where an assignment in favor of a subcontractor or other person is drawn by a contractor upon an owner, and accepted by him, it is conditional, and not absolute, and binds the owner to pay the assignee only if, and when, there is money coming to the assignor. But this contract differs from those considered in the cases cited by the appellant, for which reason the authorities are not in point. Here the promise is much more than a mere acceptance of an assignment. It was made directly by the debtor in order to prevent the work being stopped. At the time it was made appellant was advancing all money for doing the work, was paying all bills, and had apparently assumed control of the contract with Buckman. If, under such circumstances, it agreed to pay a monthly rental for the use of the equipment by Buckman, whom it had to all intents released from liability under his contract rather than have the work impeded, it may not now avoid its agreement simply because there is nothing due Buckman. There is evidence to support the trial court's finding that Rauer threatened to take the equipment off the job unless he knew he would get his money. It does

not seem unreasonable that appellant would agree to pay for its use. On the conflicting evidence the court found that from and after the date of the settlement between the parties the equipment was furnished by respondent to appellant at its special instance and request. That situation entirely removes the agreement from the theory advanced by appellant.

The appellant contends that the finding that it entered into the agreement to pay $680 per month for the use of the grading equipment by mistake is not supported by the evidence. We think this is so and, further, there is no issue upon which the finding can rest. From our reading of the record we are of the view that the respondent was entitled to the sum of $680 per month for the use of the plant, or nothing. That amount would be the sum of $6,210. The trial court, by virtue of its finding as to the mistake of the parties, has reduced the judgment to $3,655. The plaintiff has acquiesced in the judgment by not appealing, and the defendant has no ground for complaint therefor. (*Larkin* v. *Mullen,* 128 Cal. 449, 455, [60 Pac. 1091]; *Blood* v. *Munn,* 155 Cal. 228, 236, [100 Pac. 694].) It may be that some of the findings of the court on other matters are not correct, but they are immaterial. The judgment rests upon sufficient facts amply supported.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 27, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 26, 1921.

All the Justices concurred, except Shaw, J., who was absent.