[Civ. No. 5323.   First Appellate District, Division One.—March 3, 1926.]

I. F. TOMLIN et al., Appellants, v. W. J. NEALE et al., Respondents.

[1] Negotiable Instruments—Order for Unpaid Rental—Action by Lessors upon—Payment from Proceeds from Sale of Cotton Grown on Leased Premises—Pleading—Findings.—In an action by lessors upon an order given by lessees directing the defendants to pay the lessors a specified sum of money (representing unpaid rental), where the complaint alleged and the answer admitted that it was the understanding of the parties that the instrument given by the lessees was an order for the defendants to pay said

---

1.   See 24 Cal. Jur. 952.

specified sum from money to come into the hands of the defendants from the sale of cotton grown on the leased premises, no finding was required as to such allegation, which may be treated as a part of the findings.

[2] ID.—PAYMENT OF MONEY OUT OF PARTICULAR FUND—GENERAL PERSONAL CREDIT OF DRAWER—NEGOTIABILITY OF INSTRUMENT.—In determining the legal effect of instruments directing the payment of money out of a particular fund, the true test in every case is, does the instrument carry the general personal credit of the drawer or only the credit of a particular fund; and this question must be determined according to the circumstances of each case unless the language of the instrument puts the meaning beyond doubt; and an instrument drawn upon a particular fund, whether the fund has already accrued or is to accrue in the future, is not negotiable, since it does not carry the general personal credit of the drawer and is contingent upon the sufficiency of the fund on which it is drawn.

[3] ID.—CONSTRUCTION OF ORDER—EVIDENCE—INFERENCES—FINDINGS. In such action, the fact that it was the understanding of the parties that the amount mentioned in the instrument in question should be paid from money to come into the hands of defendants from the cotton grown on the leased premises; that defendants at the time of the delivery of the instrument had advanced for the purpose of financing the crop a sum equal to the amount of the order; that no part of the crop then in possession of the defendants had been sold; that the rental payments under the lease were in arrears; and that the instrument was not then accepted, fairly supported the inference that the lessees were then unable to meet their obligations otherwise than from the proceeds from the sale of the crop, and were sufficient to sustain the implied finding that the instrument was drawn not upon the personal credit of the lessees but upon the credit of the fund thereafter to accrue.

[4] ID.—LIENS — CONSIDERATION — ACCEPTANCE—JUDGMENTS.—In such action, the conclusion that the instrument in question was drawn not upon the personal credit of the lessees but upon the credit of the fund thereafter to accrue being supported by the findings, no exception having been taken to the conclusion that defendants by retaining the order accepted it, and the action not being one to enforce a lien or to recover the proceeds or value of property subject thereto, but upon an accepted order for the payment of money, whether a lien existed upon the crop, or any part of it, at the time of the delivery of the instrument was material only

2.  See 3 R. C. L. 884, 885.

on the question as to the consideration for the acceptance, for which the original indebtedness of the lessees to the lessors was sufficient; and the conclusion of the trial court that such lien did not exist, if erroneous, was harmless if the other conclusions supported the judgment.

[5] ID.—ACCEPTANCE OF ORDER UPON PARTICULAR FUND—EXTENT OF DRAWEE'S OBLIGATION.—The acceptance of an order drawn upon a particular fund binds the drawee to make payment only as to the amount of the fund due or to become due to the drawer; and the question to be determined by the trial court upon such acceptance was the extent of the obligation of defendants under the terms of the order as accepted.

[6] ID.—FINDINGS—INFERENCES—PRESUMPTION — JUDGMENTS.—In determining whether the findings support the judgment in which were merged the conclusions of law, the findings must receive such construction as will uphold rather than defeat the judgment; and if from the facts found other facts may be inferred which support the judgment, it will be assumed that the trial court made the inference.

[7] ID.—FUND UPON WHICH ORDER OPERATES—CONSTRUCTION.—In such action, the instrument in question being drawn upon a fund to accrue from the sale of cotton from the ranch, and the order not having by its terms limited the fund to the proceeds from a portion of the crop, the only construction reasonably to be placed thereon, in view of the fact that no part of the cotton had been sold, is that the fund within the meaning of the instrument should include the whole of the proceeds from the sale of the crop produced.

[8] ID.—RIGHTS OF LESSORS—HOW MEASURED.—In such action, where it may reasonably be inferred from the facts found in connection with the language of the order that the advances and expenditures made by the defendants in financing the crop for the lessees were as between these parties to be deducted from the gross returns from the sale of the crop and that the returns to the lessees within the meaning of the order were to be the net returns therefrom which constituted the fund from which the order was payable, the rights of the lessors were measured by the amount of the fund which accrued and upon which the order was drawn.

[9] ID.—JUDGMENTS—APPEAL.—In such action, the fact that the construction given the order on appeal is contrary to the conclusion of the trial court as to the rights of the lessors in the proceeds from the sale of a portion of the crop first delivered and im-

5. See 3 R. C. L. 885.
6. See 24 Cal. Jur. 1010.

ported, and that upon such construction judgment should have been entered for defendants, does not affect the judgment rendered from which the latter have not appealed.

(1) 38 Cyc., p. 1973, n. 16.    (2) 8 C. J., p. 121, n. 67, p. 123, n. 89. (3) 4 C. J., p. 779, n. 83.    (4) 4 C. J., p. 1056, n. 79, 82.    (5) 5 C. J., p. 927, n. 88, p. 928, n. 90; 8 C. J., p. 329, n. 60.    (6) 4 C. J., p. 779, n. 83.    (7) 8 C. J., p. 329, n. 60.    (8) 8 C. J., p. 963, n. 21. (9) 4 C. J., p. 695, n. 99.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Hubbell for Appellants.

Ault & Anderson for Respondents.

CASHIN, J.—An action upon an order for the payment of money which was accepted by respondents.

Judgment was entered for plaintiffs, who appeal therefrom upon the judgment-roll with a bill of exceptions to the conclusions of law and judgment as not being supported by the findings of fact.

The facts found were as follows: On December 20, 1918, appellants leased lands owned by them in Lower California to certain Chinese for the term commencing on that day and ending on December 31, 1922, the rent reserved being payable in installments.

The lease, which was written in the Spanish language, was executed and recorded according to the formalities and requirements of the laws of Mexico, and contained the provision that the lessee should not have power to alienate or encumber in any manner the crops which might be produced upon the premises described while any of the rent should remain unpaid, the crops being considered as security therefor.[i]

On November 24, 1920, there was due and unpaid installments of rent aggregating the sum of $12,000. During the year 1920 and previous to the date last mentioned the lessees had picked and removed from the land and delivered to respondents, to be sold for the account of the former, 146 bales of cotton, 100 bales of which had been brought within

the United States. Respondents had advanced to the lessees during that year the sum of $12,000 "for financing the crop grown on the premises," and on the date mentioned no part of the crop had been sold and there remained thereof unpicked 214 bales. Appellants, at the suggestion of one of the respondents, had procured from the lessees a writing signed by the latter, which was on the above date delivered to respondents, the writing being in words and figures as follows:

"Calexico, California, November 24th, 1920.

"Tomlin, Tomlin & Company's ranch consisting of 732 acres situated in the Northern District of Lower California, Republic of Mexico.

"Mr. T. J. West, Agent, Calexico, California.

"You will please pay to the order of Tomlin, Tomlin & Co. at Calexico, California, out of the Chick Mow Co. and Lee Wing, Manager, the sum of twelve thousand dollars ($12,000) to come out of my cotton returns from the above ranch.

"(signed) Chick Mow. Lee Wing."

Upon the delivery of the instrument it was agreed that appellants should not demand payment thereof for sixty days, at the end of which period payment was demanded and refused, following which a request was made for the return of the writing to appellants, which request was not complied with.

Subsequent to the delivery of the instrument respondents took possession of that portion of the crop which was then unpicked and expended for its picking, ginning, and hauling and for customs duties and expenses of marketing the sum of $13,478.50, and thereafter sold the 100 bales first mentioned for the sum of $6,595.98, and the balance of the crop for $15,757.58.

[1] In addition to the facts expressly found it was alleged in the complaint and admitted by the answer that it was the understanding of the parties that the instrument mentioned was an order for the defendants to pay the sum of $12,000 from money to come into the hands of respondents from the sale of cotton grown on the leased premises. No finding was required as to this allegation, which may be treated as a part of the findings (*San Diego Realty Co.*

*v. Hill,* 168 Cal. 637 [143 Pac. 1021]; *Sacre* v. *Chalupnik,*
188 Cal. 386 [205 Pac. 449]; *First Nat. Bank* v. *Maxwell,*
123 Cal. 360 [69 Am. St. Rep. 64, 55 Pac. 980]; *Mondine*
v. *Labaig,* 44 Cal. App. 781 [186 Pac. 1047].)

From the foregoing the conclusions were drawn upon which
judgment was entered for appellants in the sum of $2,279.99.

As stated, appellants except to the judgment, the conclu-
sions of law as a whole, and in particular to the following
conclusions: (1) That the instrument was not a bill of ex-
change, but an order to pay money; (2) that plaintiffs had
no lien upon the 100 bales of cotton first mentioned in the
findings after its importation; (3) that defendants were
entitled to the proceeds from the sale of these bales of cotton
free of claims of plaintiffs; (4) that defendants were en-
titled to deduct the sums advanced for the production and
marketing of the balance of the crops from the proceeds of
its sale; (5) that plaintiffs were not entitled to judgment
for the full amount of the order.

No exception was taken to the further conclusion that
"the defendants by retaining the instrument after the de-
mand for its return accepted it."

In the instant case the amount directed to be paid was,
according to the terms of the instrument, "to come out of
my cotton returns from the above ranch," it being the in-
tention of the parties, as found, that this sum should be
paid from money to come into the hands of respondents from
the cotton grown on the leased premises. **[2]** As the rule
has been stated, in determining the legal effect of instru-
ments of this character the true test in every case is, does
the instrument carry the general personal credit of the
drawer or only the credit of a particular fund, and this
question must be determined according to the circumstances
of each case unless the langage of the instrument puts the
meaning beyond doubt; and an instrument drawn upon a
particular fund, whether the fund has already accrued or
is to accrue in the future, is not negotiable, since it does
not carry the general personal credit of the drawer and is
contingent upon the sufficiency of the fund on which it is
drawn (8 Cor. Jur. 121, 123; Civ. Code, sec. 3084, subd. 2).

**[3]** In addition to the finding as to the intention as
stated it was further found that respondents at the time of

the delivery of the instrument had advanced for the purpose of financing the crop a sum equal to the amount of the order; that no part of the crop then in their possession had been sold; that the rental payments under the lease were in arrears, and the instrument was not then accepted. These facts fairly support the inference that the lessees were then unable to meet their obligations otherwise than from the proceeds from the sale of the crop; and were sufficient to sustain the implied findings that the instrument was drawn not upon the personal credit of the lessees but upon the credit of the fund thereafter to accrue. [4] This conclusion being supported by the findings, no exception having been taken to the conclusion that respondents by retaining the order accepted it, and the action not being one to enforce a lien or to recover the proceeds or value of property subject thereto, but upon an accepted order for the payment of money, whether a lien existed upon the crop or any part of it at the time of the delivery of the instrument was material only on the question as to the consideration for the acceptance, for which the original indebtedness of the lessees to appellant was sufficient (*Barlow* v. *Lande,* 26 Cal. App. 424 [147 Pac. 231]) ; and the conclusion of the trial court that such lien did not exist, if erroneous, was harmless if the other conclusions support the judgment (*Spencer* v. *Duncan,* 107 Cal. 423 [40 Pac. 549]; *McCormick* v. *Sutton,* 78 Cal. 245, 246 [20 Pac. 543].)

[5] The acceptance of an order drawn upon a particular fund binds the drawee to make payment only as to the amount of the fund due or to become due to the drawer (5 Cor. Jur. 927, 928; *Carboy* v. *Polstein Realty etc. Co.,* 62 Misc. Rep. 302 [114 N. Y. Supp. 838]; *Hall* v. *Jones,* 151 N. C. 419 [66 S. E. 350]; *Comer* v. *Floore* (Tex. Civ. App.), 88 S. W. 246; 1 Parsons on Bills and Notes, 304) ; and the question to be determined by the trial court upon such acceptance was the extent of the obligation of respondents under the terms of the order as accepted.

[6] In determining whether the findings support the judgment in which were merged the conclusions of law (*Roberts* v. *Hall,* 147 Cal. 434 [82 Pac. 66] ; *Mentone etc. Co.* v. *Redlands,* 155 Cal. 323 [17 Ann. Cas. 1222, 22 L. R. A. (N. S.) 382, 100 Pac. 1082]), the findings must receive such

construction as will uphold rather than defeat the judgment; and if from the facts found other facts may be inferred which support the judgment, it will be assumed that the trial court made the inference (*Paine* v. *San Bernardino etc. Traction Co.*, 143 Cal. 654 [77 Pac. 659]; *Lomita Land & Water Co.* v. *Robinson*, 154 Cal. 36 [18 L. R. A. (N. S.) 1106, 97 Pac. 10]; *Sidney* v. *Wilson*, 67 Cal. App. 282, 285 [227 Pac. 672]; *Braun* v. *Dallin*, 68 Cal. App. 121, 129 [228 Pac. 740]).

[7] The instrument being drawn upon a fund to accrue from the sale of cotton from the ranch, and the order not having by its terms limited the fund to the proceeds from a portion of the crop, the only construction reasonably to be placed thereon, in view of the fact that no part of the cotton had then been sold, is that the fund within the meaning of the instrument should include the whole of the proceeds from the sale of the crop produced.

[8] The agreement between respondents and the lessees under which the former made advances for financing the crop, subsequently took possession of the unpicked portion thereof, and made the expenditures in the amounts and for the purposes found, is not directly disclosed by the findings. It may, however, reasonably be inferred from the facts found, in connection with the language of the order that the advances and expenditures mentioned were as between these parties to be deducted from the gross returns from the sale of the crop; and that the returns to the lessees within the meaning of the order were to be the net returns therefrom which constituted the fund from which the order was payable. Such being the agreement, the rights of appellants were measured by the amount of the fund which accrued and upon which the order was drawn (*O'Brien* v. *Garibaldi*, 15 Cal. App. 518 [115 Pac. 249]; *Newhall* v. *Clark*, 3 Cush. (Mass.) 376 [50 Am. Dec. 741]; 5 Cor. Jur. 962).

[9] That our construction of the order is contrary to the conclusion of the trial court as to the rights of appellants in the proceeds from the sale of the 100 bales of cotton first delivered and imported, and that upon such construction judgment should have been entered for respondents, does not affect the judgment rendered, from which the latter have not appealed. (*Larkin* v. *Mullen*, 128 Cal. 449, 455

[60 Pac. 1091]; *Blood* v. *Munn,* 155 Cal. 228, 236 [100 Pac. 694]; *Rauer* v. *Nelson,* 53 Cal. App. 695, 700 [200 Pac. 809].) It is our conclusion that the findings were sufficient to support the judgment, which is therefore affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 29, 1926.