[Civ. No. 6337. First Appellate District, Division Two.—October 13, 1928.]

A. E. STENZEL, Respondent, v. HARRY S. KRONICK, Appellant.

Rose & McTavish and H. E. Forster for Appellant.

John C. Packard for Respondent.

STROTHER, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff for damages claimed to have been suffered as the result of defendant fraudulently inducing plaintiff to convey real property in exchange for a mortgage.

Plaintiff was the owner of real property in Los Angeles County which he wished to sell in order to supply an urgent need for money. In a conversation with the defendant, plaintiff told him of his necessity, and defendant asked what price he would take for the property. Plaintiff named a price, net to himself. A few days later defendant told plaintiff that he had a cash buyer for the property, but that in order to turn it plaintiff would have to increase a mortgage on the property to about half the price. Defendant negotiated and procured a loan for plaintiff.

Thereafter defendant told plaintiff that the trade he had in mind was the transfer to plaintiff of a note for $8,000 secured by mortgage on land in San Bernardino County; that the maker of the note was then in San Francisco raising the money to pay it off, and it would be practically a cash transaction.

Plaintiff, at defendant's instance, gave escrow instructions to a bank to deliver the deed of his property upon receiving in exchange, for him, the note and mortgage and assignment of the same. Plaintiff executed his deed to defendant as grantee, the latter having represented to him that the real party in interest did not wish to take the title to the property at that time.

This transaction was consummated in the latter part of April, 1924, and the original complaint in this action was filed August 13, 1924. Plaintiff's subsequent investigations disclosed that there was no prospect of the mortgage note being paid and that the property securing the mortgage was worth about $2,500. He made a sale of the note and mortgage after the commencement of the action and realized about $2,000 net.

This case was tried without a jury, and findings of fact were made by the court establishing the truth of all of the allegations of the complaint, and the conclusions of law drawn from the findings were in favor of the plaintiff, and judgment was rendered accordingly. In his opening brief appellant states that, "the testimony being in open conflict on practically every material issue involved, appellant on this appeal concedes that unless the judgment is erroneous as a matter of law it cannot be disturbed in view of the conflicting nature of the testimony." In view of this frank statement we are somewhat at a loss to know why this appeal was prosecuted, as all of appellant's assignments for reversal seem to be based on alleged defects in the evidence. The first assignment is that there is no evidence to support the finding that defendant was plaintiff's agent in the transaction. A consideration of the brief recital of facts appearing in evidence, given above, shows that the objection is without foundation.

The second and third assignments are as follows:

"The judgment is erroneous, as the plaintiff by his actions waived the fraud."

"The judgment is erroneous, as the plaintiff's rights were lost by laches."

Neither of these matters is set up as a defense by appellant, or was presented to the trial court, and the court made no findings as to either of them. In the absence of pleadings such defenses are not available. (*Wienke* v. *Smith*, 179 Cal.

220 [176 Pac. 42]; *Larkin* v. *Mullen*, 128 Cal. 449 [60 Pac. 1091].) Furthermore, the defenses are not supported by the evidence.

The fourth and last assignment is that the court "erred in awarding damages prior to foreclosure of the mortgage." It is not claimed that the plaintiff did not get full value on his sale of the note and mortgage, and the only argument made in support of the contention is that, "The code provision of this state directs that an action founded on any note secured on any property must be exhausted against the security itself." Presumably this is a reference to section 726 of the Code of Civil Procedure, relating to actions for recovery of a debt or enforcement of a right secured by a mortgage. As this is not such an action, the code provision has no application.

The judgment should be affirmed, and it is so ordered.

Nourse, J., and Koford, P. J., concurred.