HARVEY W. HARMER, *Executor, etc. v.* BERTHA M. TRACEY

(No. 7912)

Submitted September 11, 1934.   Decided September 25, 1934.

*J. E. Law,* for plaintiff in error.
*Powell & Clifford,* for defendant in error.

HATCHER, JUDGE:

On July 25, 1922, the defendant Bertha M. Tracey, executed a conditional note in the sum of $2,190 payable without interest after the death of her father, Thomas C. White, to his executor. The note and a conditional indorsement thereon by White follow:

"$2190.00    Clarksburg W. Va., July 25th, 1922.
After the death of Thos. C. White I promise to pay to the order of The *Exetor* of the Estate of Thos. C. White without offset and for value received Twenty One hundred and Ninety Dollars, (without interest). Negotiable and Payable at THE FARMERS BANK AT CLARKS-BURG.

The above amount to be deducted from my (1/7) one seventh interest in my dowery—The above amount was paid by—Thos. C. White being the difference from 2 certain notes Due at The Farmers Bank which was paid by Thos. C. White.

July 25" 1922.    1 note    300
                  1   "     3990
                            Bertha M. Tracey
                 Witness—  Ledru Tracey"

"After Harvey W. Harmer who is Executor of the estate of Thomas C. White has collected from the 1/7 interest of the estate of Bertha M. Tracey in the property left her by her mother Melissa C. White, the sum of *sevin* hundred and thirty Dollars & the same amt. given to my wife Hope S. White. This note is to be given to Bertha M. Tracey.

                            T. C. White."

After White's death, his executor, the plaintiff herein, credited Mrs. Tracey with $730.00 (on the note) and brought suit against her for the balance by notice of motion for judgment. The credit was made on the theory that the effect of the indorsement on the note was "to forgive or credit" defendant with that sum. She rejected that theory, confessed judgment in the sum of $730.00, and pleaded the general issue as to the residue of the note. A jury was waived and the case submitted to the court upon an agreed statement of facts. The court held that plaintiff was entitled to recover only the sum for which judgment was confessed ($730.00), and entered judgment accordingly. The plaintiff obtained a writ of error.

The notice herein recites in full the note and the indorsement thereon, and alleges that the specification in the note "to be deducted from my one-seventh interest in my dowery" meant that the note "was to be charged against and paid out of" the one-seventh interest of the defendant in her mother's estate. As there was no denial of this allegation, and the construction thereby placed on the specification is rational, we accept that construction.

In the agreed statement of facts it was stipulated that the question to be decided by the court was the exact sum for which the defendant was liable on the note. We cannot agree that the question stipulated is presented by the notice, because until defendant had collected something from her mother's estate, or collection had failed through her fault, no liability at all attached. When a note is payable from a special fund, it is the settled rule that the note does not carry the general credit of the maker but only the credit of that particular fund. 3 R. C. L. subject Bills and Notes, sec. 70. The obligation of the maker is not to pay at all events, but only to pay what he may realize from the fund. "When there is a promise to pay out of a particular fund, the promisee is restricted to the fund thus specified, and has no remedy if such fund does not come into the promisor's power, supposing its non-reception is not imputable to the prom-

isor's negligence." Wharton on Contracts, sec. 598. Accord: 48 C. J. subject Payment, sec. 13; Daniel on Neg. Insts. (7th Ed.) sec. 50. The rule is recognized in the Negotiable Instruments Law, see Code 1931, 46-1-3. Illustrative cases applying the rule are: *Chambers* v. *Jaynes,* 4 Pa. 39; *Thompson* v. *Wheatland Co.,* 10 Wyo. 86, 66 P. 595; *Worden* v. *Dodge,* (N. Y.) 47 Am. Dec. 247; *Snell* v. *Chency,* 88 Ill. 258; *Tomlin* v. *Neale,* 76 Cal. App. 726, 245 P. 800; *Boardman* v. *Frick,* 95 W. Va. 263, 120 S. E. 883.

Under that rule the plaintiff has no right of action against the defendant personally unless she has realized something from her mother's estate or has been dilatory, or otherwise at fault, in securing her portion. The notice of motion for judgment makes no such personal charges against the defendant. That failure would be fatal to any recovery were it not for the confession of judgment for $730.00. That confession operates as a waiver *pro tanto* of insufficient averment, 34 C. J. 128 (sec. 327) ; *Anderson* v. *McClintic,* 115 W. Va. 329, 175 S. E. 857, decided by this Court September 18, 1934. In the absence of necessary allegation, that sum is the limit of plaintiff's recovery herein. And in order to terminate this litigation we express the further opinion that the indorsement on the note (in connection with other evidence admitted thereon) clearly limits the liability of the defendant to the said sum of $730.00.

The judgment is accordingly affirmed.

*Affirmed.*