**FRANK A. WISE AND WDW, Inc., Appellants**

v.

**GEORGE DeWERD, COTE de la MER CORPORATION and PALM BEACH, INC.**

No. 16,105

United States Court of Appeals

Third Circuit

Heard January 30, 1967

Filed February 15, 1967

*See, also, 373 F.2d 306*

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellants*

THOMAS D. IRELAND, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellees*

Before STALEY, *Chief Judge*, and MARIS and FREED-MAN, *Circuit Judges*

MARIS, *Circuit Judge*

35

This is the second appeal by the plaintiffs in this case. The facts are sufficiently stated in our opinion disposing of the first appeal, 5 V.I. 493, 358 F.2d 389, and need not be repeated here. It is enough to say that we vacated the judgment which the district court had entered and ordered the entry of a new judgment conforming to the directions contained in our opinion. The district court entered a revised judgment which the plaintiffs on the present appeal contend does not follow our mandate. There is no merit in this contention. On the contrary, we are satisfied that the revised judgment entered by the district court loyally follows our mandate in form and substance so far as the merits of the case are concerned.

The plaintiffs urge that the revised judgment is erroneous because it does not direct the payment by the defendants to the plaintiffs of two-thirds of the total outstanding obligations, amounting to $27,401.27, incurred by plaintiff WDW, Inc., in its joint venture with Cote de la Mer Corporation. This same contention was made by the plaintiffs at the trial, as well as in this court on the first appeal, and was rejected. For these obligations, so far as appears, have not actually been paid by WDW, Inc., which is, therefore, not yet entitled to enforce its right to reimbursement by defendant Cote de la Mer Corporation of two-thirds of the amounts paid in settlement of them.

This brings us to a matter not considered on the first appeal. The district court in its original judgment allowed the defendants counsel fees of $5,000.00 and costs. Exactly the same allowance was made in the revised judgment entered on our mandate. The plaintiffs urge on the present appeal that they are the prevailing parties and that the award of counsel fees to the defendants is, therefore, erroneous. We think this contention is well taken.

By their amended complaint the plaintiffs claimed $61,849.60, and the defendants by counterclaim claimed $192,000.00. By the first judgment entered by the district court on June 29, 1965 defendant DeWerd was awarded $40,000.00 against plaintiff Wise and $68,553.00 against plaintiff WDW, Inc., while plaintiff WDW, Inc., was awarded $10,652.97 against defendant Cote de la Mer Corporation. By the revised judgment entered on our mandate defendant DeWerd was awarded only $7,148.67 against plaintiff WDW, Inc., and nothing against plaintiff Wise, while plaintiff Wise was awarded $5,000.00 against defendant DeWerd in addition to the unchanged award of $10,652.97 in favor of plaintiff WDW, Inc., against defendant Cote de la Mer Corporation. It will thus be seen that whereas in the pleadings the defendants claimed $130,000.00 more than the plaintiffs and under the original judgment the defendants' net recovery from the plaintiffs was $97,900.03, under the revised judgment entered upon our mandate the plaintiffs secured a net recovery of $8,504.30. It is thus perfectly clear that the plaintiffs are the prevailing parties in this litigation within the meaning of section 541, Title 5, V.I.C., and should have been so considered by the district court in determining the award of counsel fees in the revised judgment. Whether under all the circumstances they should be awarded counsel fees or whether the parties should bear their own costs is, of course, a matter for the district court to determine.

The judgment appealed from will be affirmed except as to the award of counsel fees and costs. The award of counsel fees and costs will be vacated and the cause will be remanded for such award of counsel fees and costs, if any, to the plaintiffs as the district court may determine to be appropriate in the circumstances.