**MAGEE et al. v. McNANY.**

Civ. A. No. 121.

United States District Court
W. D. Pennsylvania.

Feb. 19, 1951.

See also D.C., 10 F.R.D. 5.

Quinn, Leemhuis, Plate & Dwyer and Frank B. Quinn, Erie, Pa., for plaintiff.

Byron A. Baur, Erie, Pa., for intervening plaintiff.

Gifford, Graham, MacDonald & Illig and William F. Illig, Erie, Pa., for defendant.

BURNS, District Judge.

At a street intersection in a residential section of Meadville, Pennsylvania, a 1941 Chevrolet coach driven by plaintiff and a 1947 Plymouth coupe driven by defendant collided. The accident was on a clear afternoon in August, 1947. Plaintiff had been proceeding south, and defendant east, to the right of plaintiff. The jurisdiction of this Court was invoked on the ground of diversity of citizenship. Plaintiff and defendant filed cross-complaints.

The jury returned a verdict in favor of neither party, and in its verdict stated that both drivers had been negligent. Plaintiff has moved for a new trial.

Plaintiff asserts that a city motor vehicle accident report should not have been admitted into evidence. At the trial, plaintiff identified his signature on the report, and the policeman who investigated the accident testified that he had instructed the drivers "that they must make a report to the City." Whether such a report was in fact required by the City is, of course, inconsequential; plaintiff obviously complied with the policeman's instructions. Defendant did lay a proper foundation for the admission of the report into evidence. Furthermore, the admission of the report was in no way prejudicial to plaintiff. Plaintiff points out that the report contains the checked statement "no improper driv-

ing indicated"; but the jury clearly was not swayed by any thought that plaintiff was exonerating defendant, since the jury specifically found both drivers to have been negligent.

Plaintiff also assigns as error the failure of the Court to grant his second point for charge. That point was to the effect that a person driving his automobile in a residential section at an unlawful rate of speed forfeits any right of way which he might have. That this is the law of Pennsylvania is not in dispute; 75 P.S. § 572(a). What must be ascertained is whether the charge adequately covered that principle for the purposes of this case.

■ The Court charged the jury, *inter alia*, that plaintiff asked it to find that defendant was negligent in entering the street intersection at an unsafe rate of speed; that the law of Pennsylvania requires an automobile driver to proceed with proper caution at street intersections; that normally, when neither vehicle has entered the intersection, the automobile on the right has the right of way to enter the intersection first; that the law required of defendant the exercise of due care under the circumstances; and that the burden of proving defendant negligent was on plaintiff, while that of proving plaintiff contributorily negligent was on defendant. When it is recalled that the jury affirmatively found both to have been negligent, and that the statute forfeiting the right of way is applicable only when two vehicles arrive simultaneously at an intersection, see Alperdt v. Paige, 1928, 292 Pa. 1, 5, 140 A. 555, 557, I believe that the charge of the Court was sufficiently comprehensive to vitiate the necessity of specifically commenting on the forfeiture provision. It is not inapposite to note that, although the testimony offered on behalf of plaintiff indicated that defendant was exceeding the speed limit, plaintiff also sought to prove that he had already entered the intersection —— in which event there would be no question whether the automobile on the right had the right of way. Under the circumstances, I think the position of plaintiff was adequately protected when, in addition to the portions of the charge

outlined above, the Court granted plaintiff's first point, which stated the legal restrictions as to speed. I am satisfied that the jury did not find plaintiff to have been contributorily negligent because it thought that defendant had the right of way even if defendant was exceeding the speed limit.

■ Plaintiff has also urged that the verdict was contrary to the weight of the evidence. The witnesses disagreed as to the vital factual issues, and I believe that their credibility was for the jury to decide. There is ample evidence to support the verdict.