See also, D.C., 551 F.Supp. 601.

Nicholas LACOVARA

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.

Civ. A. No. 81–4628.

United States District Court, E.D. Pennsylvania.

Sept. 24, 1984.

960

Ian Stuart, Philadelphia, Pa., for plaintiff.

David C. Franceski, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Nicholas Lacovara brought this action against Merrill Lynch, Pierce, Fenner & Smith, Inc., alleging that he had suffered damages in excess of $83,000 in commodity futures trading due to Merrill Lynch's handling of his account with them. Lacovara contended that Merrill Lynch had breached its fiduciary duty to him and had been negligent in the management of Lacovara's account. Merrill Lynch filed a counterclaim in which it sought recovery of $4,494 allegedly owed by Lacovara to Merrill Lynch to cover a final deficit balance in Lacovara's commodity futures trading account. Following a trial, the jury found in favor of Merrill Lynch on Lacovara's fiduciary duty and negligence claims, and found against Merrill Lynch on its counterclaim against Lacovara. Both parties filed post-trial motions which were denied by Order of this Court dated June 14, 1983.

Subsequently, Merrill Lynch filed a Bill of Costs in the amount of $2,001.91 with the Clerk of this Court. The Clerk taxed costs in favor of Merrill Lynch in the amount of $1,851.91. Lacovara filed a timely motion with this Court to review the Clerk's taxing of costs. See Fed.R.Civ.P. 54(d); Local Rule of Civil Procedure 42(b). Lacovara does not contest the specific amounts of the taxed costs, but contends that costs should not be taxed at all in favor of Merrill Lynch because Merrill Lynch is not a "prevailing party" within the meaning of Fed.R.Civ.P. 54(d). For the reasons that follow, Lacovara's motion to disallow the taxing of costs will be denied, and the Clerk's taxing of costs in favor of the defendant, Merrill Lynch, and against the plaintiff, Lacovara, for total costs in the amount of $1,851.91 will be affirmed.

The taxing of costs is governed by Fed.R.Civ.P. 54(d), which provides in relevant part

Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...

Specific expenses which may be taxed as costs are enumerated in 28 U.S.C. § 1920. It is well-settled that Rule 54(d) vests in the District Court "a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." 6 J. Moore, Federal Practice ¶ 54.70[5], at 1312–1313 (2d Edition 1982 and Supp. 1983–84). See also 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2668, at 197 (2d Ed. 1983 & Supp. 1984); Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7, 9 (3d Cir.1980).

Lacovara contends that Merrill Lynch is not the "prevailing party" in this action because judgment was entered against Merrill Lynch on the counterclaim it asserted against Lacovara. As noted above, judgment was entered in favor of Merrill Lynch and against Lacovara with respect to Lacovara's claims. Lacovara contends that since neither party succeeded on its claim against the other, there is no "prevailing" party within the meaning of Rule 54(d) and therefore no costs should be taxed against either party.

■■■ In general, of course, the prevailing party under Rule 54(d) is the party in whose favor judgment is entered. 6 J. Moore, *Federal Practice, supra* at 1306. However, as Professor Moore notes, "[t]he complexity of litigation may render difficult the identification of the prevailing party." *Id.* The determination of whether a party is entitled to costs necessarily must be made on the basis of the "circumstances and equities" of each case. 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure, supra* at 200. For example, where both parties have been awarded damages in connection with their affirmative claims against each other, the party with the "net recovery" has prevailed for the purpose of taxing costs. *Wise v. DeWerd,* 373 F.2d 306, 307 (3d Cir.1967).

■■■ In this case neither party succeeded on its affirmative claim. Under some circumstances in such a case it may be appropriate to require each party to bear its own costs. *See, e.g., Magee v. McNany,* 95 F.Supp. 675, 11 F.R.D. 592 (W.D.Pa. 1951). However, if a defendant asserts a counterclaim which "presents no issue requiring proof outside the scope of plaintiff's claim, even though the plaintiff prevails on the counterclaim costs may be taxed in favor of the defendant as the prevailing party, where plaintiff fails to sustain his original claim." 6 J. Moore, *Federal Practice, supra* at 1308–09. In *Scientific Holding Co. v. Plessy, Inc.,* 510 F.2d 15 (2d Cir.1974), the plaintiff brought a breach of contract action in the amount of $1,260,000. The defendant counter-

claimed for $106,752 on the basis of plaintiff's alleged breach of two provisions of the contract at issue. Judgment was entered dismissing both the complaint and counterclaim, with costs taxed in favor of the defendant. On appeal, the plaintiff, relying on *Srybnik v. Epstein,* 230 F.2d 683 (2d Cir.1956), contended that because the defendant had lost on its counterclaim it could not be the prevailing party under Rule 54(d). Judge Friendly rejected the plaintiff's contention as "too wooden a view," and stated

> At trial [the defendant] limited its counterclaim to the two items mentioned in Part V of this opinion. Little trial time was spent on the counterclaim, whereas consideration of plaintiff's claim for $1,260,000 compensatory damages plus punitive damages required three weeks of trial, 16 witnesses, over 1,800 pages of testimony and more than 100 exhibits. District courts have held that a defendant who successfully fends off a large claim may be awarded costs despite failure to prevail on a counterclaim. (citations omitted).

510 F.2d at 28. *See also Brenner v. World Boxing Council,* 675 F.2d 445, 456 (2d Cir. 1982).

■■■ The circumstances of this case compel the same conclusion reached by Judge Friendly in *Scientific Holding Co.* In this case the defendant's counterclaim was limited to $4,494, the amount of an alleged debit balance in Lacovara's account at the time the account was closed. The complaint, on the other hand, sought over $80,000 in losses sustained by Lacovara in his commodity futures trading. In this case, as in *Scientific Holding Co.,* only a very small fraction of the five day trial was spent on the proof and defense of the counterclaim. Although it did not succeed on its counterclaim, Merrill Lynch successfully defended against Lacovara's much larger claim for damages. Under the circumstances of this case this Court has no hesitancy in determining that Merrill Lynch is entitled to costs as the prevailing party in this action.

Since neither party has questioned the specific items and amounts taxed against Lacovara by the Clerk, this Court will not disturb the Clerk's computation of costs. Accordingly, the Clerk's entry of judgment in favor of the defendant and against the plaintiff for costs in the amount of $1,851.91 will be affirmed.