**ALL WEST PET SUPPLY COMPANY, a/k/a West Denver Feed Company, Plaintiff,**

v.

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, and Veterinary Companies of America, Inc., Defendants.**

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, Counterclaim Plaintiff,**

v.

**ALL WEST PET SUPPLY COMPANY, Counterclaim Defendant.**

**Civ. A. No. 92–1174–DES.**

United States District Court, D. Kansas.

March 3, 1994.

---

Ronald D. Heck, Heck & Sheppeard, P.A., Topeka, KS, Paul J. Hanley, Phyllis M. Ain, Durham & Baron, P.C., Denver, CO, for plaintiff.

Steven K. Morse, Topeka, KS, Jeffrey F. Reiman, Reiman & Associates, P.C., Denver, CO, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the joint motion filed by Hill's Pet Products Division ("Hill's"), defendant and counterclaim plaintiff, and Veterinary Companies of America, Inc. ("VCA"), defendant, seeking an award of costs (Doc. 175).

This litigation was initiated by All West Pet Supply Company ("All West") against Hill's for breach of their distributorship contract and against both defendants for misappropriation of trade secrets. Hill's counterclaimed against All West for the amount owing for pet products sold and delivered, and also counterclaimed against both All West and Michael Bernstone ("Bernstone"), All West's principal, for fraud. The court granted summary judgment in favor of All West and Bernstone on the fraud counterclaim. The court also granted summary judgment in favor of Hill's on the counterclaim for the account debt. In addition, the court granted partial summary judgment in favor of Hill's on All West's claim for breach of the distributorship agreement, reserving to the jury the issue of whether Hill's breached the agreement prior to its expiration date. At trial, the jury returned a verdict in favor of the defendants on All West's claims for misappropriation of trade secrets. While the jury also determined that Hill's was liable to All West for breach of the distributorship contract, no damages were awarded to All West on the contract claim.

■ Pursuant to Fed.R.Civ.P. 54(d), costs are generally allowed as a matter of course to the prevailing party unless the court otherwise directs. *See Delano v. Kitch,* 663 F.2d 990, 1001 (10th Cir.1981) (when trial court refuses to award costs to prevailing party, it must state its reasons to enable appellate court to judge whether trial court acted within its discretion), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982); *True Temper Corp. v. CF & I Steel Corp.,* 601 F.2d 495, 509–10 (10th Cir.1979) (rule establishes presumption that prevailing party shall recover costs, unless some reason appears for penalizing the prevailing party); *Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004, 1005 (D.Kan.1993) (court must allow prevailing party to recover all costs authorized by statute unless some reason appears for penalizing that party) (citation omitted).

■ The court must therefore determine which party is the "prevailing party" in this case for the purpose of awarding costs. A prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered. *d'Hedouville v. Pioneer Hotel Co.,*

552 F.2d 886, 896 (9th Cir.1977); *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 135 (E.D.Va.1973); 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 2667, at 178 (1983) [hereinafter cited as Wright & Miller]. Traditionally, this means the party who won at trial, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded. *See, e.g., American Ins. Co. v. El Paso Pipe & Supply Co.,* 978 F.2d 1185, 1192–93 (10th Cir.1992); Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 564 (1984); 10 Wright & Miller § 2667, at 180–87.

█ In this case, each of the parties obtained judgment in their favor from either the court on summary judgment, or the jury at the conclusion of the trial. All West prevailed at trial as to its breach of contract claim, notwithstanding the jury's decision to award no damages after it determined that Hill's was liable. *See Three–Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 998 (5th Cir.1976); *Western Elec. Co. v. William Sales Co.,* 236 F.Supp. 73, 77 (M.D.N.C.1964); *Bowman v. West Disinfecting Co.,* 25 F.R.D. 280, 281–83 (E.D.N.Y.1960); *see also Burk v. Unified School Dist. No. 329,* 116 F.R.D. 16, 17–18 (D.Kan.1987) (plaintiff awarded only $1.00 on one of several of his claims was nevertheless the prevailing party entitled to costs). Hill's and VCA prevailed at trial with regard to All West's claims for misappropriation of trade secret. All West and Bernstone prevailed on summary judgment with regard to Hill's counterclaims against them for fraud. Finally, Hill's prevailed on summary judgment on its counterclaim against All West for the account debt, although All West had admitted its liability on this counterclaim in its answer and again in the pretrial order. Of the multiple parties to this litigation, only Bernstone and VCA prevailed as to each of the claims against them.

Although Hill's recovered a substantial judgment from All West on its counterclaim for the balance of the account debt, virtually no recoverable costs could be attributable to that judgment because All West essentially conceded its liability on that counterclaim from the time it filed its answer. Other than the undisputed counterclaim against All West

for the account debt, Hill's prevailed on the trade secret claim, lost on the breach of contract claim, and lost on its affirmative counterclaim for fraud. On the other hand, while All West prevailed as to its breach of contract claim against Hill's, it did not succeed in its claims against either defendant for misappropriation of trade secrets. Further, the recoverable costs associated with the breach of contract claim would be virtually inseparable as a practical matter from the costs associated with the misappropriation claims. Likewise, any of Hill's recoverable costs attributable to the account debt counterclaim are inseparable from those associated with the unsuccessful fraud counterclaim. While VCA clearly was a prevailing party with regard to the misappropriation claims and was not a party to the breach of contract claim on which All West prevailed, VCA and Hill's were jointly represented at trial, and presumably the litigation expenses were jointly incurred. It would therefore be impracticable to grant an award of costs to VCA as a prevailing party, while denying costs to Hill's as the losing party on both the claim by All West for breach of contract and on its own counterclaim for fraud.

Therefore, under the particular circumstances of this case, the court in the exercise of its discretion pursuant to Fed.R.Civ.P. 54(d) declines to award costs to any of the parties, since each of them prevailed, at least in part, in this court. *See Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.,* 898 F.2d 512, 517 (7th Cir.1990) (district court did not abuse its discretion in denying costs where both parties prevailed in part); *Johnson v. Nordstrom–Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir.), *cert. denied,* 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980) (plaintiff prevailed in part on her claims and defendant prevailed on its counterclaim; no abuse of discretion to order each party to bear its own costs); *Armour & Co. v. Nard,* 463 F.2d 8, 9–10 (8th Cir.1972) (court properly exercised its discretion in ordering each party to bear its own costs in contract action in which plaintiff prevailed on claim and defendant prevailed on one of two counterclaims); *Brunswick–Balke–Collender Co. v. American Bowling & Billiard Corp.,* 150 F.2d 69, 74 (2d Cir.) (affirming trial

court's decision to deny costs to either side in patent and trademark infringement suit, where both parties prevailed in part in lower court), *cert. denied,* 326 U.S. 757, 66 S.Ct. 99, 90 L.Ed. 455 (1945); *Studiengesellschaft Kohle mbH v. Novamont Corp.,* 548 F.Supp. 234, 236 (S.D.N.Y.1981) (plaintiff prevailed on claim and defendant on counterclaim; each party, having meritorious claims, ordered to bear own costs); *Kalkowski v. Ronco, Inc.,* 424 F.Supp. 343, 354 (N.D.Ill.1976) (usual practice is to deny costs to either party where both have prevailed in part in the lower court); *United States v. Curtis–Nevada Mines, Inc.,* 415 F.Supp. 1373, 1379 (E.D.Cal.1976) (since district court granted a portion of each side's request for summary judgment, each party prevailed in part and lost in part, and neither side was awarded costs), *rev'd in part on other grounds,* 611 F.2d 1277 (9th Cir.1980); *see also Kropp v. Ziebarth,* 601 F.2d 1348, 1358 n. 27 (8th Cir.1979) (when defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties) (citation omitted); *Three–Seventy Leasing,* 528 F.2d at 999 (Rule 54(d) gives court discretion to order each party to bear its own costs).

Defendants cite *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 3025, 120 L.Ed.2d 896 (1992), in urging this court to award them their costs in full. In *Roberts,* however, the Tenth Circuit simply affirmed the discretionary decision of the trial court to award costs to the defendant, who prevailed on the vast majority of issues and on those that were truly contested at trial. *Id.* In so holding, the court stated, "Our holding is based on the broad discretion of the district court." *Id.* *Roberts* certainly cannot be read to require this court to award the defendants their costs. Furthermore, this court cannot conclude that the defendants prevailed on the vast majority of the issues in this litigation. The jury trial in this case involved the breach of contract claim, on which All West prevailed, and the trade secret claim, on which the defendants prevailed. Consequently, contrary to the defendants' argument, *Roberts* did not involve circumstances similar to those in this case.

**IT IS BY THE COURT THEREFORE ORDERED** that the joint motion of defendant and counterclaim plaintiff Hill's Pet Products Division and defendant Veterinary Companies of America, Inc., for an award of costs (Doc. 175) is hereby denied.