Ed M. SHARON, Plaintiff,

v.

YELLOW FREIGHT SYSTEM, INC., Defendant.

No. CIV.A. 94–2035–KHV.

United States District Court,
D. Kansas.

Nov. 5, 1997.

Ruth M. Benien, Benien & Kaplan, Chtd., Kansas City, KS, James E. Kunce, Overland Park, KS, for Plaintiff.

Robert W. McKinley, Tedrick Addison Housh, III, Swanson, Midgley, Gangwere, Kitchin & McLarney, LLC, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on the *Motion of Plaintiff to Retax Costs Allowed Defendant* (Doc. # 156) filed July 23, 1997 and *Defendant's Motion to Retax Plaintiff's Bill of Costs* (Doc. # 158) filed July 23, 1997. Both motions were filed pursuant to Fed. R.Civ.P. 54(b).

Taxation of costs is authorized by Fed.R.Civ.P. 54(d) and governed by 28 U.S.C. § 1920 (1994). The clerk taxes the costs. Fed.R.Civ.P. 54(d)(1). The Court reviews de novo the clerk's assessment of costs. *Ortega v. City of Kansas City, Kan.*, 659 F.Supp. 1201, 1218 (D.Kan.1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir.1989).

1. Prevailing Party

The primary issue is whether plaintiff is a "prevailing party." Rule 54(d), Fed. R.Civ.P., provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Plaintiff prevailed at trial on his implied contract claim. Defendant asserts that plaintiff is not a prevailing party, however, because defendant obtained summary judgment on plaintiff's claims of national origin, age and religious discrimination. Defendant relies on *All West Pet Supply Co. v. Hill's Pet Products Division*, 153 F.R.D. 667, 669 (D.Kan. 1994) to support its position. In *All West Pet Supply*, the court declined to award costs to either party because each had prevailed in part, both at the summary judgment stage and at trial. *Id.* at 668.

The general rule, however, is that "a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims."

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2667 (2d ed.1983). *See, e.g., Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir. 1990), *cert. denied,* 505 U.S. 1218, 112 S.Ct. 3025, 120 L.Ed.2d 896 (1992); *Manildra v. Ogilvie,* 878 F.Supp. 1417, 1425 (D.Kan.1995), *aff'd,* 76 F.3d 1178 (Fed.Cir.1996). In *Roberts,* the Tenth Circuit concluded that the district court's decision to award costs to the party that prevailed on the vast majority of issues, and on the issues truly contested at trial, was not an abuse of discretion. *Roberts,* 921 F.2d at 1058. In *Manildra,* the district court awarded costs to plaintiff even though its suit produced no money judgment but only a declaration that its competitor's patents were invalid. *Manildra,* 878 F.Supp. at 1425. In this case, even though plaintiff did not sustain all of his claims, he prevailed on his claims at trial and received a money judgment of $47,916.66. Therefore the Court has discretion to declare plaintiff the "prevailing party" and award him costs.

Because plaintiff is the prevailing party, plaintiff will not have bear defendant's costs. The *Motion of Plaintiff to Retax Costs Allowed Defendant* (Doc. # 156) is granted.

2. Plaintiff's Costs

a. Printing Fees

■ Defendant objects to the fees for printing plaintiff's *Brief in Opposition to Summary Judgment* (Doc. # 59) filed October 14, 1994. Section 1920(4) allows "fees and disbursements for printing" to be taxed as costs. 28 U.S.C. § 1920(4). Plaintiff's brief was necessary to the disposition of issues in the case and, as a result, will be taxed to defendant.

■ Defendant should not be taxed for the printing fees associated with plaintiff's *Brief as Appellee to Court of Appeals.* Pursuant to Rule 39(d), Fed. R.App. P., this cost should be awarded by the court of appeals. *See also Scaduto v. Orlando,* 381 F.2d 587, 597 (2d Cir.1967). Any costs associated with this expense shall be issued by the Clerk of the Tenth Circuit Court of Appeals as part of its mandate.

b. Deposition Transcripts

■ Defendant objects to costs for the deposition transcripts of Yellow Freight employees Cathy Larrimer, Joyce Drummond, Roger Payne, Robert Callaghan, Michael Champion, Owen Geitz, and William Marden. The standard for determining whether deposition expenses are taxable as costs is whether the deposition was necessary to the case. "Though use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonable necessary for use in the case even though not used at trial, the court can find necessity." *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1246 (10th Cir.1988). The taxing of deposition costs will not be allowed if the deposition is "purely investigatory in nature." *Ortega v. City of Kansas City, Kan.,* 659 F.Supp. at 1219.

■ The best practice is to view the necessity of the depositions in light of the facts known to counsel at the time they were taken. *Manildra,* 878 F.Supp. at 1427. Defendant asserts that the depositions in question were the primary basis upon which summary judgment was granted in its favor. At the time the depositions were taken, however, plaintiff had no knowledge that his discrimination claims would be eliminated through summary judgment. The depositions of Cathy Larrimer, Michael Champion, Joyce Drummond, and William Marden were necessary because those witnesses testified at trial. The deposition of Robert Callaghan was necessary because portions of it were used at trial. Roger Payne testified regarding defendant's quality assurance programs and Owen Geitz testified concerning his experiences working with the plaintiff while he was employed by the defendant. The costs for these depositions will be taxed to defendant.

■ Finally, defendant objects to being taxed for the deposition of plaintiff. The Court denies this objection because plaintiff reasonably needed a copy of his deposition to prepare for trial. *Ortega v. IBP, Inc.,* 883 F.Supp. 558, 561 (D.Kan.1995).

c. Exemplification and Copy Fees

Defendant claims that $1,160.10 for exemplification and copy fees were not "necessarily obtained for use in this case." Copy and exemplification fees may be taxed if they are reasonably necessary for use in the case. 28 U.S.C. § 1920(4). The copies listed by plaintiff are necessary to the case and, therefore, will be taxed.

**IT IS THEREFORE ORDERED** that the *Motion of Plaintiff to Retax Costs Allowed Defendant* (Doc. # 156) filed July 23, 1997, be and hereby is granted.

**IT IS HEREBY FURTHER ORDERED** that *Defendant's Motion to Retax Plaintiff's Bill of Costs* (Doc. # 158) filed July 23, 1997, be and hereby is granted in part and denied in part in that defendant's costs shall be reduced by the printing fees for plaintiff's *Brief to Court of Appeals* ($313.00).