**CITY OF ROME, ITALY,
et al., Plaintiffs,**

**v.**

**Richard GLANTON, et al., Defendants.**

**No. Civ.A. 96–5284.**

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

Feb. 3, 1999.

James E. Beasley, Michael A. Smerconish, Beasley, Casey and Erbstein, Philadelphia, PA, for plaintiffs.

Robert J. Sugarman, Noreen O'Grady, Sugarman & Associates, Philadelphia, PA, for Richard H. Glanton and The Barnes Foundation.

Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, PA, Robert J. Sugarman, Sugarman & Associates, for Cuyler H. Walker.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

The battle over whether Richard Glanton, on behalf of the Barnes Foundation, made a contract to exhibit art works is over. The battle over whether Rome's officials slandered Mr. Glanton by calling him a "conman" is over. Yet the dogs of war still fight over the bones, i.e., the bills of costs. Enough is enough. Each side shall bear its own costs.

### Background

As the facts of this case have been set out at length previously, it suffices to provide only an abbreviated version of the case history. The City of Rome and other plaintiffs filed a complaint alleging several counts against defendants Richard H. Glanton and the Barnes Foundation. In turn, the defendants filed an answer to the complaint as well as asserting a variety of counterclaims against the plaintiffs and cross-claims against third-parties. Upon cross motions for summary judgment, judgment was entered in favor of defendants on plaintiffs' claims; judgment was entered in favor of the plaintiffs and third-parties on defendants' counter- and cross-claims. *See City of Rome v. Glanton,* 958 F.Supp. 1026 (E.D.Pa.1997). The Third Circuit affirmed this decision in all respects. *See City of Rome v. Glanton,* 133 F.3d 909 (3d Cir.1997).

Following that decision, the parties each filed bills of costs and objections to the submissions of the other side. After a telephone conference with the Clerk of the Court, the Clerk assessed costs in favor of the defendants in the amount of $9,920.25 and disallowed the plaintiffs' bill of costs in its entirety. The plaintiffs now appeal from that decision and request either that each party be taxed costs pertaining to its respective claims or that neither party recover costs.

### Standards

▬▬ The taxation of costs by the Clerk of the court is subject to *de novo* review by this court. *See Ezold v. Wolf, Block, Schorr & Solis–Cohen,* 157 F.R.D. 13, 15 (E.D.Pa. 1994); *Krouse v. American Sterilizer Co.,* 928 F.Supp. 543, 545 (W.D.Pa.1996). In reviewing the bill of costs, the court applies the standards set forth in Rule 54(d): "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Six categories of costs are specifically enumerated as taxable in 28 U.S.C. § 1920.[1] As

---

1. A judge or clerk of any court of the United States may tax as costs the following:

the language of Rule 54 indicates, prevailing parties are presumptively entitled to costs, *see Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Ezold,* 157 F.R.D. at 15, but the rule does not assist the court in determining who is a prevailing party.

*Discussion*

The plaintiffs' appeal from the Clerk's taxation of costs argues emphatically that, given the nature of the counter- and cross-claims asserted in this case, the defendants are not "prevailing parties" and that the costs assessed must therefore be revised.

■ Ordinarily, a prevailing party for Rule 54(d) purposes is no different from a prevailing party in other circumstances. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985) (holding that "prevailing party" under Rule 54(d) is same as "prevailing party" under 42 U.S.C. § 1988). In this circuit, the standard used for determining prevailing party status is "whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." *Institutionalized Juveniles,* 758 F.2d at 910 (citations omitted). The Third Circuit has stated that to apply the prevailing party standard, the court must identify the relief plaintiff sought and sometimes the legal theories on which the relief was based. *Institutionalized Juveniles,* 758 F.2d at 911. In later decisions, the Third Circuit clarified this inquiry by indicating that the court should also evaluate whether the litigation had a material effect in bringing about that benefit or change in legal relationships. *See Metropolitan Pittsburgh Crusade for Voters v. Pittsburgh,* 964 F.2d 244, 250 (3d Cir. 1992); *New Jersey Rooming & Boarding House Owners v. Asbury Park,* 152 F.3d 217, 225 n. 5 (3d Cir.1998).

Notwithstanding this seemingly simple process, the present case illustrates that "the complexities of litigation" frequently make the determination of the "prevailing party" a complicated endeavor when a defendant has advanced counterclaims. *See* 10 *Moore's Federal Practice* § 54.101[3] (3d ed.1998). Clearly, the plaintiffs here lost all claims advanced and received no benefit from bringing the lawsuit, and there was no change in their legal relationship with the defendants. However, the defendants vigorously litigated various affirmative claims that also failed to provide any benefit to the defendants or to alter the legal relationship between the parties. The question is whether and to what degree this court can consider the nature of the counterclaims in reviewing the costs assessed. The plaintiffs simply argue that the affirmative claims asserted require the defendant to bear some of the risk of litigation ordinarily assumed solely by the plaintiffs.

When faced with this argument in its initial assessment of costs, the Clerk stated that

[t]he law is clear that where a plaintiff does not prevail on any of its claims, defendants are considered the prevailing parties, even where defendants do not prevail on their counterclaims. Given the relevant caselaw, we are of the view that the defendants have prevailed for the purposes of F.R.C.P. 54(d). Plaintiffs sought to give the Clerk a detailed history of the litigation and alleged that the counterclaims were unrelated to their claims. The Clerk does not accept this argument; when they commenced this action by filing a complaint, plaintiffs in effect "assumed the risk" that a counterclaim would be filed against them. Plaintiffs' bill of costs is accordingly disallowed in its entirety.

Clerk's Opinion at 2 (citations, internal punctuation omitted). The Clerk, thus, seems to hold that the defendants are always prevailing parties if the plaintiffs do not win a portion of their complaint, regardless of what types of counterclaims were brought and re-

---

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

gardless of the effect those counterclaims had on the course of litigation.

The court believes that the defendants' affirmative claims cannot be irrelevant to the assessment of costs given the particular facts of this case. Although the circumstances leading to such a result have arisen only infrequently, courts have held that when no party can be termed a prevailing party, costs should not be assessed against either side. *See, e.g., Lacovara v. Merrill Lynch, Pierce, Fenner & Smith,* 102 F.R.D. 959, 961 (E.D.Pa.1984) (stating that when neither party succeeds on its affirmative claim, "[u]nder some circumstances in such a case it may be appropriate to require each party to bear its own costs"); *Kropp v. Ziebarth,* 601 F.2d 1348, 1358 n. 27 (8th Cir.1979) (stating that when "a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties"); *Srybnik v. Epstein,* 230 F.2d 683 (2d Cir.1956) (same).

This is not to say that a defendant that succeeds in defending itself against a complaint but that advances unsuccessful counterclaims should always lose its presumptive rights to costs. The court should look to whether the defendants have advanced counterclaims that are not related in some way to the main complaint or that require "proof outside the scope of plaintiff's claim." *See, e.g., Lacovara,* 102 F.R.D. at 961 (stating that when defendants advance counterclaims that do *not* require proof outside of the plaintiff's claim, costs may be taxed on plaintiffs even if defendants do not prevail on the counterclaim); *Hubner v. Schoonmaker,* 1993 WL 273689, No. Civ. A 89–3400, at *3–4 (E.D.Pa. July 20, 1993) (refusing to assess costs on defendants because the "counterclaim involved the same legal and factual issues which formed the basis of the defense to the complaint"). The court should also examine the relative "size" of the counterclaims in comparison to the counts in the complaint. For example, in *Scientific Holding Co., Ltd. v. Plessey Inc.,* 510 F.2d 15 (2d Cir.1974), the Second Circuit upheld the award of costs to a defendant even though it lost the counterclaim it advanced because the defendant limited its counterclaim to only two issues, and "[l]ittle trial time was spent on the counterclaim, whereas consideration of plaintiff's claim for $1,260,000 compensatory damages plus punitive damages required three weeks of trial, 16 witnesses, over 1,800 pages of testimony and more than 100 exhibits." *Id.* at 28; *see also Lacovara,* 102 F.R.D. at 961–62 (assessing costs against plaintiff notwithstanding defendant's failure to prevail on counterclaim because counterclaim was only $4,494 while complaint requested over $80,000).

In short, in a case in which a defendant has advanced unrelated counterclaims that are financially or legally weighty, the counterclaims may be an important part of determining which party, if any, has truly prevailed. This fact should be considered when assessing costs.

As explained previously, the plaintiffs here cannot be deemed a prevailing party with respect to the claims they advanced because they succeeded on none of them. In most circumstances, it would be a simple matter to term them the "losing" party and require them to pay all costs pursuant to the statute. The court agrees with the plaintiffs, however, that some of the counterclaims were unrelated to the counts of the complaint and that a large amount of the discovery and litigation was directed towards those independent claims. Moreover, this was not a situation where the complaint dwarfed the significance of a small counterclaim.

A brief discussion of the summary judgment opinion illustrates the claims at issue. Although the complaint included several counts, by the time of the summary judgment motions, each focused on whether or not a contract had been formed between the City of Rome and Mr. Glanton and those he represented. The court dismissed the bulk of these counts because of the plaintiff's failure to show that a contract existed. *See City of Rome v. Glanton,* 958 F.Supp. 1026, 1035 (E.D.Pa.1997) (dismissing breach of contrast, promissory estoppel, and breach of good faith negotiation claims because no contract existed); *id.* at 1038 (dismissing duty of good faith and fair dealing claims for same reason). Plaintiffs' fraudulent and negligent

misrepresentation claims, although stemming from the same course of events, were separate legal claims that turned on the lack of proof adduced by plaintiffs on various elements of those causes of action. *See id.* at 1038–39.

Some of the counterclaims addressed the same matters and were clearly related to them. The beach of good faith negotiation and fraudulent misrepresentation counterclaims addressed much of the same conduct and evidence that were at issue in the complaint, *see id.* at 1040, and, were these the only counterclaims at issue, the costs would be appropriately placed on the plaintiffs. However, there were other counterclaims. First, there was a libel and slander counterclaim brought by defendant Glanton against various Italian individuals. *See id.* at 1040–42. This counterclaim had nothing to do with whether or not a contract had been formed or whether there had been any breach of a good faith duty of negotiation regarding a potential contract. In fact, some of the defendants to this counterclaim were not even plaintiffs in the original suit, and there were procedural disputes as to whether the defendants could properly implead a nonparty solely to bring a counterclaim against him. *See id.* at 1040–41 nn. 8–9. In addition to the libel and slander counterclaim, defendants advanced a RICO claim in which they alleged that various plaintiffs engaged in wire and mail fraud not only with regard to Mr. Glanton but as part of a "larger scheme of fraudulent transactions with other companies and art exhibitions." *Id.* at 1043. This claim was, at best, only tangentially related to the plaintiffs' complaint, and the larger allegations greatly expanded the scope of discovery and litigation, as well as exposing plaintiffs to substantial civil liability should they have been found to have violated the

act. Finally, the plaintiffs' seventh count requested contribution from numerous parties. As this court noted, summary judgment against the defendants on that count was appropriate because "defendants have not demonstrated how the third parties they have sought to join are or may be liable to defendants for all or any part of the claims against the defendants[.]" *Id.* at 1044. These claims were also not directly related to any part of the complaint, and, as stated in this court's opinion, it was not even clear what some of those future claims might have been. *See id.*

An opinion from the district of Kansas is instructive. In *All West Pet Supply v. Hill's Pet Products,* 153 F.R.D. 667 (D.Kan.1994), both parties obtained judgment in their favor either at the summary judgment stage or by jury trial. After analyzing the various claims that the parties respectively "won," the court declined to allow costs to either parties, since "each of them prevailed, at least in part, in this court." *Id.* at 669. The court cited numerous decisions in which such actions by district courts were affirmed as a proper exercise of discretion. *See id.* at 669–70. The present case is virtually a mirror image of that decision: rather than all parties "winning," all parties "lost." To term the defendants a "prevailing party" would be to ignore the justifications behind the statute awarding costs to prevailing parties. The aggressive stance taken by the defendants in expanding the case far beyond the allegations in the complaint amply warrants treating them as a party who affirmatively advanced a complaint.[2]

*Conclusion*

The appropriate course of action in this case is to require each party to bear its own costs.[3] As described above, neither party

---

**2.** Defendants rely heavily on *Second and Ashbourne Associates v. Cheltenham Township,* 1990 WL 165894, Civ. A. No. 88–6400 (E.D.Pa. Oct. 26, 1990), in arguing that the law of this circuit forbids such a result. However, *Second and Ashbourne Associates* did not address a situation in which neither party could be termed "prevailing" and in fact cited to two decisions, *Lacovara,* 102 F.R.D. at 959, and *Scientific Holding,* 510 F.2d at 15, that either implicitly or explicitly acknowledged the propriety of considering counterclaims in assessing costs.

**3.** As the cases discussed indicate, an alternative course of action would be to impose costs on each side for the claims it advanced, and this is suggested by the plaintiffs in their appeal. Besides unnecessarily confusing the matter, the court does not believe that such an alternative is proper because it indicates that "both" parties prevailed, a conclusion that is simply inaccurate when one looks at the litigation as a whole.

can properly be termed a "prevailing party" such that it would be entitled to costs.[4] While, in most cases, the fact that the plaintiffs lost all counts in their complaint would be dispositive, the weighty, complex, and unrelated nature of the counterclaims justify a more balanced result.

4. The plaintiffs raise two additional arguments that they claim justify an alteration in the Clerk's assessment of costs. First, they state that the district court opinion and the Third Circuit affirmance of that opinion stated, implicitly and explicitly, that the parties should bear their own costs. The district court opinion made no mention of costs whatsoever, and, as to the Third Circuit memorandum opinion, the court is reluctant to base a decision on one line of the opinion, particularly as this could well have referred only to costs at the appellate level. Plaintiffs also argue that the defendants' misconduct throughout the course of litigation justifies denying fees to the defendants. As it is unnecessary to reach this argument, the court does not do so.