

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2004

# Tyler v. O'Neill

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tyler v. O'Neill" (2004). *2004 Decisions.* Paper 233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOT PRECEDENTIAL

No.  03-4857

GARY C. TYLER,

Appellant

v.

GEORGE M. O'NEILL; MICHELENIA O'NEILL;
W.M. M. HENDRICKSON INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 97-cv-03353)
Magistrate Judge: Hon. Thomas J. Rueter

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2004

Before: SLOVITER, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed:      October 13, 2004              )

**OPINION OF THE COURT**

VAN ANTWERPEN, Circuit Judge.


Appellant Gary C. Tyler challenges the Order of the Magistrate Judge entered on

November 24, 2003, which affirmed the Clerk of Court's taxation of costs in favor of

Defendants/Appellees, and the District Court's Order of December 8, 2003, which

entered judgment in favor of Defendants and against Plaintiff in the amount of $3,787.03.

For the following reasons, we hold that the District Court's assessment of prevailing party

status under Federal Rule of Civil Procedure 54(d)(1) in favor of Appellees and

consequent affirmation of the Clerk of Court's taxation of costs against Appellant was

proper.  Accordingly, the District Courts order is affirmed.

## I.  Facts

As this opinion is written for the benefit of the parties, we briefly discuss only the

pertinent facts.  Appellant commenced this action on May 12, 1997, alleging breach of

fiduciary duty, fraud, violation of RICO and conspiracy to violate RICO arising out of his

10% shareholder interest in William M. Henrickson, Inc. ("Hendrickson").  Appellant

proceeded to trial on six claims, for which he was seeking in excess of one million

dollars; Appellees filed a counterclaim challenging Appellant's 10% ownership in

Hendrickson.  During the course of litigation, the court compelled Appellees to produce

records Appellant sought pursuant to 15 Pa. C.S.A. § 1508, thus mooting Appellant's

claim for access to books and records.  In addition, Appellant's claim for wages owed

pursuant to 43 P.S. § 260.1 *et seq.* was settled pre-trial for $5,000.00.

On June 4, 1998, a jury found Appellees liable for breach of fiduciary duty and

fraud to Appellant individually, but not liable on Appellant's other individual claims or

2

on the derivative claims. The jury awarded compensatory damages to Appellant in the amount of $225,000.00 against Appellee George O'Neill and $0 against Appellee Michelenia O'Neill. The jury found in favor of Appellant on the Appellees' counterclaim. The court entered Civil Judgments accordingly.

Appellees filed a post-trial motion for judgment as a matter of law to vacate, alter, or amend judgment. Based upon the jury's finding that Appellant should have known of the fraud in March, 1991, the court determined that Appellant's claims of fraud and breach of fiduciary duty were barred by the applicable statute of limitations. On December 15, 1998, the court entered an Order vacating the Civil Judgments entered in accordance with the jury's findings. The jury verdict on the counterclaim in favor of Appellant was not disturbed. The Third Circuit affirmed the judgment notwithstanding the verdict in favor of Appellees. Tyler v. O'Neill, 189 F.3d 465 (3d Cir. 1999) (table), cert. denied, 528 U.S. 1137 (2000).

On April 8, 2003, the Clerk of Court entered a taxation of costs in favor of Appellees in the amount of $3,787.03. In a Memorandum and Order entered on November 24, 2003, the District Court affirmed the Clerk's taxation of costs. A final judgment in favor of Appellees was entered on December 8, 2003.

## II. Jurisdiction

The District Court had subject matter jurisdiction over Appellant's state law claims pursuant to 18 U.S.C. § 1332 and also pursuant to 18 U.S.C. § 1331, as supplemental to

3

Appellant's federal claims. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## III. Analysis

### A. Standard of Review

The question of whether a party is the "prevailing party" for purposes of awarding costs pursuant to Rule 54(d) is a legal issue subject to plenary review. Institutionalized Juveniles v. Sec'y of Public Welfare, 758 F.2d 897, 926 (3d Cir. 1985). While we exercise plenary review of legal questions pertaining to Rule 54(d)(1), we review the district court's application of those legal precepts for abuse of discretion. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 458 (3d Cir. 2000). We review the district court's findings of fact for clear error. Coalition to Save Our Children v. State Board of Educ. of Del., 90 F.3d 752, 759 (3d Cir. 1996).

### B. Taxing of Costs

The taxing of costs is governed by Fed. R. Civ. P. 54(d)(1), which provides in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Civ. P. 54(d)(1).

Appellant advances two arguments in support of the contention that Appellees were not the "prevailing party" for purposes of assessing costs. First, Appellant

4

maintains that he was the prevailing party because he was afforded concrete relief in the course of the litigation--namely, that he succeeded in obtaining access to Hendrickson's books and records, and payment of wages. Alternatively, Appellant asserts that neither party was the prevailing party because Appellees lost on their counterclaim, which Appellant contends presented a critical issue in the litigation and required proof outside the scope of Appellant's claims. Consequently, he asserts that each party should be responsible for its own costs.

In this Circuit, the standard used for determining prevailing party status is "whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." Institutionalized Juveniles, 758 F.2d at 910 (citations omitted). In applying this standard, it is important to identify the relief plaintiff sought and, when relevant, the legal theories upon which relief was based. Id. at 911. Ordinarily, a party in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d). 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2667 (3d ed. 1998). Because the test focuses on the relief actually obtained, however, "[i]n assessing who is a prevailing party, we look to the substance of the litigation's outcome," and "refuse to give conclusive weight to the form of the judgment." Ross v. Horn, 598 F.2d 1312, 1322 (3d Cir. 1979), cert. denied, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980). It logically follows from this approach that a party is prevailing to the extent extrajudicial relief renders claims moot. Institutionalized Juveniles, 758 F.2d at 911 (citing Horn, 598

5

F.2d at 1322). Moreover, significant to the prevailing party inquiry is whether the resolution of the dispute materially altered the legal relationship between the parties. See Truesdell v. Philadelphia Hous. Auth., 290 F.3d 159, 163-64 (3d Cir. 2002). This may occur through, for example, an enforceable judgment on the merits, or a settlement agreement enforceable through a court-ordered consent decree. Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. Of Health and Human Res., 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1). See, e.g., Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998). In light of the rule that "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided," Wright, Miller & Kane, supra § 2667, we agree with the District Court that Appellant's success in obtaining discovery and pre-trial settlement of one of his minor claims does not justify awarding him prevailing party status. Appellant failed to obtain relief on any of his major claims; his limited pre-trial success is insignificant in the context of the relief sought by the entire Complaint. Indeed, on all Appellant's major claims, judgment was entered in favor of Appellees.

Appellant's alternative argument that neither party is the prevailing party because

Appellees did not prevail on their counterclaim is likewise unpersuasive under these circumstances. Appellant relies primarily on Kropp v. Ziebarth, 601 F.2d 1348, 1358 n.27 (8th Cir. 1979) and Srybnik v. Epstein, 230 F.2d 683, 686 (2d Cir. 1956) in support of the proposition that when neither plaintiff nor defendant prevails on its claim, costs should be denied to both parties. Significantly, however, neither the Second nor Eighth Circuits purport to create an unqualified rule to this effect. Rather, a case-specific inquiry must be undertaken to determine whether, under circumstances where neither party triumphs on its claim, one party can nonetheless be deemed the prevailing party. While some courts have appropriately denied awarding costs to either party when neither party has prevailed on its claims, see, e.g., Magee v. McNany, 11 F.R.D. 592 (W.D. Pa. 1951), others have appropriately taxed costs in favor of a defendant who failed to sustain a counterclaim yet successfully defended against a plaintiff's substantial claims, see, e.g., Scientific Holding Co. v. Plessy, Inc., 510 F.2d 15, 28 (2d Cir. 1974); Brenner v. World Boxing Council, 675 F.2d 445, 456 (2d Cir. 1982); Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 102 F.R.D. 959 (E.D. Pa. 1984).

We decline to fashion a rule of law that would without exception require each party to bear its own costs when neither succeeds on its affirmative claim. While requiring each party to bear its own costs under such circumstances may at times be appropriate, the situation presented here as well as in the cases cited above illustrate that there may exist a "prevailing party" within the meaning of Rule 54(d)(1) even where

7

neither party succeeds on its affirmative claim. This determination is fact-specific.

A number of our district courts have directly confronted this issue and illuminated the pertinent factors to be considered in addressing it. Generally, in assessing prevailing party status when neither party has prevailed on its affirmative claims, courts examine whether the defendant has advanced counterclaims that are not related in some way to the main complaint, or otherwise require proof outside the scope of the plaintiff's claim, and also examine the relative "size" of the counterclaims in comparison to the counts in the complaint. In Lacovara, upon noting that the defendant's counterclaim was limited to $4,494 while the complaint sought over $80,000, and that the bulk of the trial consisted of proving plaintiff's claims, the district court determined the defendant to be the prevailing party despite the fact that neither party had been awarded damages. 102 F.R.D. at 961. The district court supported its analysis with the Second Circuit's decision in Scientific Holding Co. In that case, judgment was entered dismissing both plaintiff's complaint and defendant's counterclaim, with costs taxed in favor of the defendant. Judge Friendly rejected the plaintiff's contention that the defendant could not be the prevailing party under Rule 54(d) because it had lost on its counterclaim as "too wooden a view." 510 F.2d at 28. Instead, the Second Circuit reasoned:

> At trial [the defendant] limited its counterclaim to the two items mentioned in Part V of this opinion. Little trial time was spent on the counterclaim, whereas consideration of plaintiff's claim for $1,260,000 compensatory damages plus punitive damages required three weeks of trial, 16 witnesses, over 1,800 pages of testimony and more than 100 exhibits. District courts have held that a defendant who successfully fends off a large claim may be

8

awarded costs despite failure to prevail on a counterclaim.

Id. (citations omitted). See also City of Rome v. Glanton, 184 F.R.D. 547, 550-51 (E.D. Pa. 1999) (finding neither party to be the prevailing party in light of the "aggressive stance taken by the defendants in expanding the case far beyond the allegations in the complaint," but acknowledging that "[t]his is not to say that a defendant that succeeds in defending itself against a complaint but that advances unsuccessful counterclaims should always lose its presumptive rights to costs." The court should look to the nature of the counterclaims and their relationship to the main complaint); Hubner v. Schoonmaker, No. 89-3400, 1993 WL 273689, at *3-4 (E.D. Pa. July 20, 1993) ("Where plaintiffs fail to sustain their original claim and defendants assert a counterclaim which presents no issue requiring proof outside the scope of plaintiffs' claim, even where the plaintiffs prevail on the counterclaim, costs may be taxed in favor of defendants as the prevailing parties.").

In the case *sub judice*, judgment was entered in favor of Appellees with respect to Appellant's claims, which cumulatively sought in excess of one million dollars, and judgment was entered in favor of Appellant with respect to Appellees' sole counterclaim, which contested Appellant's 10% ownership in Hendrickson and sought rescission. The District Court specifically found that Appellees' counterclaim "involved the same legal and factual issues which formed the basis of the defense to the complaint," and found that the counterclaim did not require proof outside of Appellant's claim. Given the limited scope of the counterclaim and Appellees' success in defending against Appellant's much

9

larger claims for damages, the District Court properly determined that Appellees were the prevailing party and entitled to costs.

## III. Conclusion

For the foregoing reasons, we affirm both the District Court's Memorandum and Order dated November 21, 2003 which affirmed the Clerk of Court's taxation of costs and the District Court's final Order of December 8, 2003 which entered Judgment in favor of Defendants/Appellees against Appellant in the amount of $3,787.03.